COOPER v. JACKSON.

No 7206

REAL ESTATE.— *When Sale for Delinquent Taxes not Invalid.*—The title of a purchaser of land sold for delinquent taxes is not invalid because such land has not been charged on the tax duplicate to the real owner thereof.

Cooper *v.* Jackson.

Same.—*Action to Quiet Title.—Misdescription.—Intention.—Mistake.—Remedy.—Complaint.—Demurrer.*—In an action to quiet title to lands purchased at a delinquent tax sale, the complaint, averring, among other things, that the lands described therein had been, by mistake, entered upon the tax duplicate and sold by a description so indefinite as to convey no title thereto, but that such description "was intended to apply to and cover the lands" in suit, is sufficient, on demurrer, to entitle the holder of a deed made in pursuance of such sale, to the remedy against the land intended to be taxed and sold, provided by section 257 of the act in relation to the assessment of taxes. 1 R. S 1876, p. 129.

Same.—In such complaint, it is not necessary to allege that such lands were assessed for the payment of taxes.

Same.—*Allegation of Ownership.—Sufficiency of.*—In such action, an averment in the complaint, that the defendant was in possession of the lands, "claiming to be the sole and absolute owner thereof in his own right," is a sufficient allegation of ownership to enable the plaintiff to proceed against the defendant to enforce his claim against the land, under section 257, *supra.*

Same.—*Counter-Claim.*—A counter-claim filed by the defendant in such action, by way of cross complaint, alleging that he is the owner and in possession of the land, describing it, and that the plaintiff, by virtue of the pretended deed set forth in his complaint, or "by some other paper writing. the character or nature of which is unknown" to him, claims title to such land, which is unfounded, and a cloud upon his title, and asking that the title thereto be quieted in him as against such plaintiff, is sufficient on demurrer, under section 611, 2 R. S. 1876, p. 254.

From the Tippecanoe Circuit Court.

*G. O. Behm, A. O. Behm, J. A. Stein* and *T. E. Johnson,* for appellant.

*W. C. Wilson, J. H. Adams* and *R. C. Gregory,* for appellee.

Worden, J.—Complaint by the appellant, against the appellee, in two paragraphs, to each of which a demurrer for want of sufficient facts was sustained, and exception taken. As to the first, no question is made here. The second alleged substantially, that on the 13th day of February, 1874, certain lands lying in Tippecanoe county, which are particularly described and shown to be a part of what is called Longlois' Reservation, were sold by the

auditor of the county for taxes; that, through the mistake and inadvertence of the auditor and his predecessors in office, the lands had been entered upon the tax duplicate and were sold by a description insufficient to convey title, but which was intended to apply to and cover the lands described as above stated. The description upon the tax duplicate was as follows:

" Part of the west half of Longlois' Reservation, in township twenty-three (23) north, of range 4 west, containing 150 $\frac{83}{100}$ acres."

The land stood upon the duplicate in the name of Z. Taylor Moore, and was sold for delinquent taxes, charged thereon for the year 1873 and preceding years, amounting in all to the sum of $677.92, including costs and charges, and was bid off by Christian M. Nisely, who paid the amount above mentioned and received the auditor's certificate of purchase, and afterward assigned the same to the plaintiff, who has received the auditor's deed for the land, the same not having been redeemed.

The auditor's deed is set out and made a part of the complaint, in which the lands are described as upon the tax duplicate.

It was further alleged, " that at the time of said tax sale, and at the time of the execution of said deed, and ever since, said defendant, Relief Jackson, has been in possession of said lands unlawfully, but claiming to be the sole and absolute owner thereof in his own right, and has wholly refused to deliver the possession thereof to the plaintiff, although such possession has been demanded of him; that he has taken to his own use all the revenues of said lands, and has held forth to the world that the title as claimed by the plaintiff in and to said lands was void and invalid; by reason of all which the title of this plaintiff has been clouded, and the value of his estate in said lands greatly impaired and embarrassed. Wherefore he prays, that, by the

judgment of this court, this plaintiff's title in fee simple in and to said lands be quieted as against any claim, pretence or estate of said defendant, or those holding under him; or, if it should appear that said tax deed was invalid to convey title to the plaintiff, that an account be taken of what is due and owing to him by reason of the money laid out and expended in the payment of the taxes, costs and charges upon said lands, and that the amount thereof, with such interest and penalties as are provided by statute be adjudged in his favor and declared a lien on said lands, pursuant to the statute in such case made and provided, and for all other relief proper in the premises."

Pending the demurrers to the two paragraphs of complaint, the defendant filed a counter-claim, as follows:

" The said defendant, Relief Jackson, by way of cross complaint against said plaintiff, avers and charges, that this defendant is the owner, and in the possession by himself, and his agents and lessees, of the following real estate in Tippecanoe county, Indiana, to wit: " (description;) " that said real estate, so owned by said defendant as aforesaid, is of great value, to wit, of the value of ten thousand dollars. Said defendant further avers, that said plaintiff, by virtue of the pretended deed set out in his second paragraph of complaint, or by some other paper writing, the character or nature of which is to this defendant unknown, claims to hold title to said real estate, which said claim of title is adverse to the right and title of this defendant to said real estate, and which said claim of title, so made by the said plaintiff to said real estate, is unfounded, and that the same operates as a cloud upon the title of this defendant. Wherefore the defendant prays judgment and decree of the court, that the title of this defendant in and to said real estate be quieted, and that the cloud upon his title made by the unfounded claim of said plaintiff be removed, and for general relief."

The original plaintiff filed a demurrer for want of sufficient facts to the counter-claim, but it was overruled, and exception taken.

Issue of fact was joined upon the counter-claim, which was tried by the court, resulting in a finding and judgment for the plaintiff therein, the defendant in the original action.

Errors are assigned upon the rulings of the court upon the demurrers above mentioned.

We will first dispose of the counter-claim, the demurrer to which we think was correctly overruled. The case made by the counter-claim comes within section 611 of the code on the subject of "determining and quieting the question of title."

But we are of opinion that the court erred in sustaining the demurrer to the second paragraph of the original plaintiff's complaint.

That the lands were not charged on the duplicate to the defendant, or the real owner thereof, but to Z. Taylor Moore, does not invalidate the plaintiff's title. 1 R. S. 1876, p. 125, sec. 230. But the description of the land upon the tax duplicate, and in the auditor's deed, as "part of the west half of Longlois' Reservation," is too indefinite to convey title to any land. It is averred in the paragraph, however, that the description thus given was intended to apply to and cover the lands described in the paragraph. In other words, the lands described in the paragraph were the lands intended to be covered by and embraced in the description upon the tax duplicate and in the auditor's deed.

Where, as in this case, according to the averments of the paragraph, the land intended to be taxed and sold is so indefinitely described that no title can pass by the sale, we think the purchaser at the tax sale has his remedy against the land intended to be taxed and sold, as is

provided for by section 257 of the act on the subject of the assessment and collection of taxes. 1 R. S. 1876, p. 129. See, also, sections 228, 229 and 256 of the same statute; *Flinn* v. *Parsons,* 60 Ind. 573.

It is objected, that it does not appear by the paragraph, that the lands were assessed for the payment of the taxes. We think the burden lay upon the defendant to show that they had not been assessed, if that would be any defence to the action. See sections 254 and 255 of the statute above cited.

It is also objected, that it is not alleged in the paragraph that the defendant was the owner of the land.

The paragraph was framed partially on the theory that the plaintiff was the owner of the land by virtue of his tax deed, but it was averred that the defendant was in possession of the lands, " claiming to be the sole and absolute owner thereof in his own right." This, it seems to us, was a sufficient allegation of ownership to enable the plaintiff to proceed against the defendant to enforce his claim against the land. See section 257 above cited. If some one else, not a party to the action, was the real owner of the land, he would, of course, not be bound by any judgment which the plaintiff might obtain.

The judgment below, in favor of the defendant, against the plaintiff in the original action, is reversed, with costs, and the cause is remanded, with instructions to the court below to overrule the demurrer to the second paragraph of the original complaint.

Opinion filed at November term, 1879.

Petition for a rehearing overruled at November term, 1880.