No. 8110.

SHARPE v. DILLMAN ET. AL.

REAL ESTATE.—*Description.*—When the description of land is so uncertain that it can not be identified, a suit to quiet title can not be maintained.

Sharpe *v.* Dillman *et al.*

TAX TITLE.—*Lien.*—The remedy of a purchaser of lands for taxes, when the title proves to be defective, which gives a lien for the amount paid, with twenty-five per cent. interest (1 R. S. 1876, p. 129, sec. 257), is only available where the purchaser has taken a deed, and then it can not be given if the description of the land be so defective that the land can not be identified.

PRACTICE.—*Demurrer.*—Where a demurrer sustained does not appear in the record, having been lost, no question can be made in the Supreme Court upon the ruling.

SAME.—*Lost Pleading.*—Where a paragraph of complaint has been lost, and the plaintiff voluntarily goes to trial, making no application to supply the loss by substitution, until the finding of the court is being announced, a refusal of the court then to permit such substitution is not error.

PLEADING.—*Suit to Quiet Title.*—*Lost Pleading.*—If a paragraph of answer be not in the record, having been lost, the Supreme Court will presume that an order striking it out was correct. If the general denial be in, all defences are admissible under that, and, in that case, there would be no available error by the striking out.

SAME.—*Amendment.*—*Supreme Court.*—It is error to permit a material amendment after the cause is submitted to the court for trial; but, if the amendment permitted do not change the legal effect of the pleading, the judgment will not be reversed for the error.

From the Tippecanoe Circuit Court.

*D. Walton*, for appellant.

*W. Mote*, for appellees.

BICKNELL, C. C.—The appellant brought this suit to quiet a tax title to land and for damages and all proper relief. The appellee Emily Dillman was the owner of the land. She and her husband, Cline Dillman, were in possession of it. Robert Deardorff was made defendant as a mortgagee. He answered the complaint by a general denial, and proved, on the trial, that his mortgage did not include the land. The record shows that the original complaint and a demurrer to it were lost, that an amended complaint was filed and lost, that an amended second paragraph of complaint was lost, that a demurrer to the amended complaint was lost, that the plaintiff again filed a second paragraph of complaint, and that was lost, that demurrers to said last mentioned second par-

agraph of complaint were lost; that plaintiff then filed a third paragraph of complaint, which the defendants answered by a general denial; that the plaintiff then filed a substituted second paragraph of complaint; that defendants filed a de-murrer to said substituted second paragraph, which was sus-tained by the court and the plaintiff excepted, and this last mentioned demurrer was also lost; that the Dillmans then filed a second and a third paragraph of answer, and the plaintiff filed a reply to said second paragraph and a demur-rer to said third paragraph, and that both of said paragraphs of answer and said reply and said last mentioned demurrer were all lost; that the plaintiff withdrew said reply and said last mentioned demurrer and moved the court to strike out said second and third paragraphs of answer, which motion was sustained by the court and the defendants excepted. The cause was then submitted to the court for trial, the only remaining pleadings being the third paragraph of the com-plaint and the general denials of the defendants.

The court found for the defendants. The plaintiff moved for a new trial and "day was given;" this was on the thirty-first day of the term. On the fortieth day the plaintiff filed a motion, supported by affidavits, for leave to insert certain words in his substituted second paragraph of complaint; these affidavits are not in the record. On the forty-fifth day of the term, the plaintiff moved the court for leave to sub-stitute a first paragraph of complaint. On the sixty-sixth day of the term, the plaintiff moved the court for a new trial for the following reasons:

First. The finding of the court is not sustained by suf-ficient evidence.

Second. The finding of the court is contrary to law. At the next term of court, the motion to amend the substituted second paragraph of complaint was granted, the amendment was made and the defendants excepted; the court then over-ruled the motion to substitute a first paragraph of complaint

Sharpe *v.* Dillman *et al.*

and the plaintiff excepted ; the court then overruled the motion for a new trial and the plaintiff excepted. Judgment was rendered upon the finding, followed by this appeal. The appellees' bill of exceptions shows the action of the court, in permitting the amendment of the second substituted paragraph of the complaint, "after the trial was had and after the finding was announced."

The appellant's bill of exceptions No. 1 shows the refusal of the court to permit a substitution of the first paragraph of the complaint, and differs from the former part of the record by stating that, "during the trial of this cause, and while the court was announcing its finding," the plaintiff asked leave to make such substitution.

Appellant's bill of exceptions No. 2 sets out the evidence given in the cause.

The errors assigned by the appellant are :

*First.* The court erred in sustaining the demurrer to the second paragraph of the complaint.

*Second.* The court erred in overruling the plaintiff's motion to substitute the first paragraph of the complaint.

*Third.* The court erred in overruling the motion for a new trial.

The appellees assign the following cross errors :

*First.* The court erred in overruling the demurrer to the third paragraph of the complaint.

*Second.* The court erred in sustaining plaintiff's motion to strike out the second and third paragraphs of the answer of the defendants, the Dillmans.

*Third.* The court erred in permitting plaintiff to amend his second paragraph of complaint.

As to the motion for a new trial, the appellant admits in his brief that there was evidence tending to show that Catharine Burget, against whom the taxes were assessed, had, at the time, personal property of which the taxes could have been made. There was such evidence, and the deputy treas-

.urer testified that he was instructed by the treasurer "not to levy on personal property for taxes on lands, as the lands were good for their taxes."

Where personal property can be. had, a sale of land is illegal. *Mc Whinney* v. *Brinker*, 64 Ind. 360; *Ellis* v. *Kenyon*, 25 Ind. 134; *Cones* v. *Wilson*, 14 Ind. 465.

Besides, the land could not be identified by its description. The taxes alleged to be due were taxes assessed upon thirty-seven acres; part of the southwest quarter of the southeast quarter of section 14, of township 24, of range 4. That was the description in the assessment book of 1864, and also in the tax duplicate of 1865, but in the tax sales book of 1866 it appears that the land offered for sale was seventeen acres, and the auditor's certificate of the purchase, dated February 7th, 1866, gives the following description of the land bought by appellant at the tax sale, for $14.73 : "Nine acres out of the northwest corner of a 17-acre tract, being part of the southwest quarter of the southeast quarter, section 14, township 24, range 4 west, the said sum being the amount of taxes, penalty, interest and costs due on said seventeen acres —part southwest quarter, southeast quarter, section 14, town 24, range 4."

The land offered for sale was not the land assessed. There were no taxes assessed on said seventeen acres, and the land sold being nine acres in the northwest corner of seventeen acres, part of thirty-seven acres in a certain quarter section, ·can not be identified. The appellant, therefore, even if he had a deed describing the land as above, would have no title to be quieted.

The appellant claims, that, although his title be invalid, he ought to recover the money he paid and twenty-five per cent. interest per annum, he having waited from 1866 to 1877 before applying for a deed, and having paid taxes on the nine acres for all those years. He did not, in his complaint, demand such relief, but if, on the facts stated and

proved, he is entitled thereto, he ought to have it without a specific prayer therefor. *Baker* v. *Armstrong*, 57 Ind. 189.

Section 257 of the assessment act, 1 R. S. 1876, p. 129, provides that "Any person holding any deed of lands, executed by the county auditor for the non-payment of taxes, may commence a suit   *   *   *   to quiet his title thereto,   *   *   *   and if, upon hearing of such cause, it shall appear that the complainant's title was invalid,   *   *   the court shall ascertain the amount due to the complainant for principal and interest to be computed at twenty-five per cent. per annum, and shall decree the payment thereof within a reasonable time by the owner of such land, and in default thereof shall direct that such land be sold therefor," etc.   This statute has been enforced by this court. *Flinn* v. *Parsons*, 60 Ind. 573 ; *Duke* v. *Brown*, 65 Ind. 25 ; *Cooper* v. *Jackson*, 71 Ind. 244.   But, if the land can not be ascertained by the description of it, then there can be no remedy under said section 257, because there can be no decree against the owner of land that can not be ascertained, and there can be no lien upon such land.   But further, the relief provided under said section 257 is given to him only who has a deed.   In the case now before the court, the evidence fails to show that the appellant has any deed for the nine acres in controversy.

The bill of exceptions No. 2 contains the certificate of purchase, signed by the auditor of the county, dated February 7th, ·1866, showing the purchase of said nine acres by the appellant at the sale for taxes on that day, which certificate contains the statement, that the purchaser, unless the land is redeemed, will be entitled to a deed in two years from that day.   Said bill of exceptions also contains another certificate of purchase, signed by another auditor of the county, dated October 23d, 1877, in the same general form as the preceding certificate, showing the same purchase and concluding with the statement that the purchaser will be en-

titled to a deed in two years from the last mentioned date, unless the land be redeemed. . This last certificate seems to have been taken to be a deed.    It is marked in the margin of the record, "auditor's deed." It is not a deed, and no deed for said nine acres was offered in evidence.    The finding of the court was right upon the evidence.    The motion for a new trial was properly overruled.

The appellant, in the first error assigned, claims that the court ought not to have sustained the demurrer to the substituted second paragraph of the complaint.    This demurrer is one of those which were lost.    It is not in the record; therefore no question upon it can arise.    *Rout* v. *Woods*, 67 Ind. 319.

The appellant, in the second error assigned, claims that the court ought not to have refused to permit him to substitute a first paragraph of complaint.    He, however, had voluntarily gone to trial without said first paragraph; the evidence had all been heard; the cause had been submitted to the court; the court was announcing its finding.    The court was right in its ruling.    *Heddens* v. *Younglove, Massey & Co.*, 46 Ind. 212; *Maxwell* v. *Day*, 45 Ind. 509.

The appellee, in his brief, specially requests the court to make a decision upon his cross errors.    He claims first, error in overruling the demurrer to the third paragraph of the complaint.    The answer to this is, that the record shows no such overruling and no such demurrer.    He also claims error in sustaining appellant's motion to strike out the second and third paragraphs of the answer filed by the Dillmans.    These paragraphs were lost, and are not in the record. The presumption in such circumstances is, that the court did right.    But, if the ruling were wrong, it could do no harm to the appellee, because actions to quiet title are governed by the same rules as actions for real property.    Practice Act, sec. 612.    And one of those rules is, that, under the general denial, the defendant may prove any defence to the

action, legal or equitable. Laws 1855, p. 57; *Vanduyn* v. *Hepner*, 45 Ind. 589.

The appellee also claims that the court ought not to have permitted the appellant to amend his second paragraph of complaint, "after the trial was had and the finding of the court was announced." It is error to permit a material amendment after the cause is submitted to the court for decision upon the evidence; but where an amendment, so made, does not change the legal effect of the pleading, a judgment will not be reversed for that error. *Maxwell* v. *Day*, 45 Ind. 509. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellant.

Opinion filed at May term, 1881.
Petition for a rehearing overruled at November term, 1881.