No. 10,115.

## REED v. EARHART, EXECUTOR.

TAXES.—*Sale of Real Estate.—Description.—Tax Title.—Action to Quiet Title.—Lien.—Counter-Claim.*—When lands are taxed and sold for taxes by a description so imperfect that they can not be identified thereby, the purchaser might, under the statute (1 R. S. 1876, p. 129, sec. 257), enforce a lien upon the lands actually intended, provided he had received a deed; and where suit is brought against him to quiet title before such time has elapsed as entitles him to a deed, he may, by counter-claim showing the facts, have a lien established.

From the Superior Court of Tippecanoe County.

*L. Nebeker, H. H. Dochterman, J. L. Caldwell* and *A. W. Caldwell,* for appellant.

*S. P. Baird,* for appellee.

Morris, C.—The appellée, as the executor of Solomon Romig, brought this suit against the appellant to quiet his title to certain real estate situate in Tippecanoe county, to wit: The east half of the northeast quarter of section two, in township twenty-four north, of range five west, except 49.40 rods off of the north end, the residue containing forty-eight acres; the west half of northwest quarter of section one, in said township and range, containing seventy-five acres; the east half of the south half of the south half of the southwest quarter of section seventeen, in township twenty-four north, of range four west, containing twenty acres, except five acres off of the east side; sixty-six and $\frac{67}{100}$ acres off of the south half of the northeast fractional quarter of section one, in township twenty-four north, of range five west, which is particularly described in the complaint; and the south half of the east half of the northwest fraction of section one, in township twenty-four north, of range five west, containing forty acres; sold by the sheriff of said county as the property of Perry E. Kellogg, Virginia Kellogg and Elvila Kellogg, to pay and satisfy a judgment and decree of foreclosure against said Perry E., Virginia and Elvila Kellogg; that the plaintiff became the purchaser of said land at said sheriff's sale, and received from the sheriff a certificate for the purchase of said land; that, on the 26th day of October, 1880, said land not having been redeemed from said sale, said sheriff executed and delivered to the appellee a deed for the same; that by said purchase he became and now is the owner in fee and in the possession of said real estate.

It is then averred that no part of said real estate had been assessed for taxation for the years 1875, 1876, 1877, 1878, 1879, or for any of said years, except one of said tracts, which was assessed for the years 1875, 1876 and 1877; that all of the taxes assessed against said land for the year 1874, and previous years, and also the April instalment for 1875, were paid prior to the year 1878.

It is further averred that upon the assessment books of said county there appears the following void assessment list:

Reed *v.* Earhart, Executor.

ASSESSMENT OF TIPPECANOE COUNTY.

| Yr. | No of Ro'd Dist. | Owner's Name | Polls | Acrs | Hun | DESCRIPTION | Sec. | Tp | R | Value Lands | Imp. | Total | Chattels | Male Dog. | Female Dog. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1875 | 11 | Kellogg, Perry E | 1 | 43 | 86 | Pt N W fr ¼ | 1 | 24 | 5 | 965 | 150 | 1115 | 1280 | | |
| " | 11 | " & Virginia | | 66 | 67 | Pt S ½ N E ¼ | 1 | 24 | 5 | 1385 | 100 | 1485 | | | |
| " | 10 | " Perry E | | 15 | | Pt S ½ S ½ S W ¼ | 17 | 24 | 4 | 315 | | 315 | | | |
| " | 11 | " & Virginia | | 73 | | W ½ N W ¼ | 1 | 24 | 5 | 1560 | | 1560 | | | |
| 1876 | 11 | Kellogg, Perry E | 1 | 43 | 86 | Pt N W fr ¼ | 1 | 24 | 5 | 965 | 150 | 1115 | 825 | | |
| " | 11 | " & Virginia | | 66 | 67 | Pt S ½ N E ¼ | 1 | 24 | 5 | 1385 | 100 | 1485 | | | |
| " | 11 | " " | | 73 | | W ½ N W fr ¼ | 1 | 24 | 5 | 1560 | | 1560 | | | |
| " | 10 | " Perry E | | 15 | | Pt S ½ S ½ S W ¼ | 17 | 24 | 4 | 315 | | 315 | | | |
| 1877 | 11 | Kellogg, Perry E | 1 | 43 | 86 | Pt N W fr ¼ | 1 | 24 | 5 | 965 | 150 | 1115 | 498 | | |
| " | 10 | " " | | 15 | | Pt S ½ S ½ S W ¼ | 17 | 24 | 4 | 315 | | 315 | 1650* | | |
| " | 11 | " & Virginia | | 66 | 67 | Pt S ½ N E ¼ | 1 | 24 | 5 | 1385 | 100 | 1485 | | | |
| " | 11 | " " | | 56 | 50 | Pt W ½ N W fr ¼ | 1 | 24 | 5 | 1130 | | 1130 | | | |
| " | 11 | Kellogg, Elvila | | 16 | 50 | Pt W ½ N W fr ¼ | 1 | 24 | 5 | 430 | | 430 | | | |
| 1878 | 11 | Kellogg, Perry E | 1 | 43 | 86 | Pt N W fr ¼ | 1 | 24 | 5 | 965 | 150 | 1115 | 620 | 1 | |
| " | 10 | " " | | 15 | | Pt S ½ S ½ S W ¼ | 17 | 24 | 4 | 315 | | 315 | | | |
| " | 11 | " & Virginia | | 66 | 67 | Pt S ½ N E ¼ | 1 | 24 | 5 | 1385 | 100 | 1485 | | | |
| " | 11 | " " | | 56 | 50 | Pt W ½ N W fr ¼ | 1 | 24 | 5 | 1130 | | 1130 | | | |
| 1879 | 11 | Kellogg, Perry E | 1 | 43 | 86 | Pt N W fr ¼ | 1 | 24 | 5 | 965 | 150 | 1115 | 497 | | |
| " | 10 | " " | | 15 | | Pt S ½ S ½ S W ¼ | 17 | 24 | 4 | 315 | | 315 | | | |
| " | 11 | " & Virginia | | 16 | 67 | Pt S ½ N E ¼ | 1 | 24 | 5 | 1385 | 100 | 1485 | | | |
| " | 11 | " " | | 56 | 50 | Pt W ½ N W fr ¼ | 1 | 24 | 5 | 1130 | | 1130 | | | |

*To Elvila, January 7th, 1878, from Perry E, January 7th, 1878.

The complaint, in substance, further states that the west half of the northwest fractional quarter of section one, township twenty-four north, of range five west, was assessed during the years 1875, 1876 and 1877, and that he tenders $60 as being the amount legally due for the taxes on that tract of land for those years; that the taxes on said real estate mentioned in the complaint for the year 1880, and upon all said personal property set out upon said assessment roll for the years 1875, 1876, 1877, 1878, 1879 and 1880, and all the taxes upon personal property assessed against said Perry E. Kellogg, Virginia Kellogg and Elvila Kellogg, or either of them, for said years 1875, 1876, 1877, 1878, 1879 and 1880 have been paid.

That the auditor carried said void assessment forward on the tax-duplicate of said county for the years 1875, 1876, 1877, 1878, and 1879, and carried out and extended on said tax-duplicate the pretended illegal taxes, computed and based on said void assessment.

That said pretended and illegal taxes not having been paid by any one, the auditor of said county did, on the 17th day of February, 1880, make a pretended sale of each and all of said tracts described in said assessment of *1879*, above set out, for the amount of said pretended and illegal taxes claimed to be due on said several tracts of land, including penalty, interest and costs, and thereupon executed and issued to said appellant four several tax certificates of sale, being one certificate for each of said tracts, in which said several certificates said tracts were described the same as in said void assessment of 1879, above set out, and in each of which said certificates it was recited that the real estate therein described was sold for taxes assessed and due thereon for the year 1879 and previous years, and that the holder of each of said certificates would be entitled to a deed of the lands therein described at the expiration of two years from date of sale, unless said lands should be redeemed.

That said certificates of sale are in the hands of the de-

Reed *v.* Earhart, Executor.

fendant (appellant), and that the appellee can not set out copies; that the treasurer of said county made a record of said pretended sales in the sale-book of land sold for unpaid taxes, which reads as follows, to wit:

PRIVATE TAX SALE FEB'Y 17, 1880, TIPPECANOE TP., CONT. I.

| | | Am't app'd | Am't sold | Description. | Sec. | Tp. | R. | Am't sold for. | Name of purchaser. |
|---|---|---|---|---|---|---|---|---|---|
| 670 | Perry E. Kellogg | 43 86 | 43 86 | Pt. N. W. fr. ¼ | 1 | 24 | 5 | 76 | Sampson Reed |
| 671 | do | 15 86 | 15 86 | Pt. S. ½ S. ½ S. W. ¼ | 17 | 24 | 4 | 23 | " " |
| 672 | P. E. & Virginia Kellogg | 66 67 | 66 67 | Pt. S. ½ N. E. ¼ | 1 | 24 | f | 64 | " " |
| 673 | do | 56 50 | 56 50 | Pt. W. ½ S. W. fr. ¼ | 1 | 24 | f | 84 | " " |

That the appellant, by virtue of said pretended illegal and void sales of said several tracts of land, claims and asserts that he has an interest in and a lien upon each and all of said lands so purchased by said plaintiff (appellee) at said sheriff's sale, on the 25th day of October, 1879, as above set out and described, for the amounts appellants paid to said treasurer as shown by said sale-book, on said 17th day of February, 1880, together with interest thereon; and that, in case said amounts are not paid before the expiration of two years from the day of sale, he will be entitled to a deed for said real estate.

That by reason of said pretended sale of each of said tracts of land, and the issuing of the certificate of sale thereon, and the record of said sales so made in said sale-book, and the claim of said appellant, a cloud is cast upon his title to said lands and the value of appellee's title thereto impaired. The prayer is that the court will hold said tax sales void; that the same and the certificates issued pursuant thereto be cancelled, and that the plaintiff's title to all of said real estate, first above described, be quieted.

The appellant demurred to the complaint, for want of facts. The demurrer was overruled. The appellant then answered said complaint in one paragraph. The appellee demurred to the answer, for the want of facts. The court sustained the demurrer to the answer; and the appellant refusing to answer further, final judgment was rendered in favor of the appellee.

The rulings of the court upon the demurrers to the complaint and answer are assigned as errors.

Many objections are urged to the complaint. It is doubtful whether any of them are well taken. We will assume that the complaint contains a good cause of action, and enquire whether the demurrer was rightly sustained to the appellant's answer. The appellee insists that the answer is bad, for the reason that it is pleaded to the whole complaint, and, as to one of the tracts of land described in the complaint, fails to show that the appellant has any interest in or claim upon it. The answer alleges that Perry E. Kellogg was the owner in fee of two of the tracts of land described in the appellee's complaint, and that the said Perry E. and Virginia Kellogg were the owners of another of the tracts also described in the complaint. These several tracts are accurately described in the answer by the same terms in which they are first described in the complaint. It is alleged that said Kelloggs had owned said lands for some ten years prior to said tax sale, and that they were, during said time, liable to taxation. The purchase of said lands by the appellee, as alleged in his complaint, is not denied. It is also admitted that they were assessed for taxation for the years 1875, 1876, 1877, 1878 and 1879 by the imperfect and insufficient description stated in the complaint. It is averred that said lands had been assessed and described on the tax-duplicate in and by the same imperfect description for several years prior to 1875, and that the owners had, during said years, paid the taxes on the same. It is also averred that the lands purchased by the appellee at said sheriff's sale were the lands intended to be described by the assessor, and assessed for the years 1875, 1876, 1877, 1878 and 1879, and that the owners of said lands knew that they were the lands intended, by said imperfect description, to be assessed. It is also stated that in carrying said imperfect description on to the tax-duplicate, and computing the tax thereon, the auditor intended to describe and compute the taxes on the land actually purchased at sheriff's sale by the appellee; that

in selling said land to the appellant the auditor intended to sell, and that he, in buying said land, intended to purchase, the land in dispute. The answer gives the true description of each tract purchased by the appellant, alleges the sale, the amount paid for each tract, and asks the court to protect him as to the sums so paid, and as to all subsequent taxes by him paid, by declaring the same a lien on the land claimed by the appellee, and for general relief.

In this answer, which is really a counter-claim, the title of the appellee is not brought in question as to any of said lands. All that the appellant insists upon is that, upon the facts stated, the court ought to declare his right, not to an interest in, but to a lien upon, said real estate for the taxes by him paid, together with lawful interest, penalties and costs. He does not assert an existing lien, but asks to have a lien declared. Upon this answer being filed, the only question to settle, upon the facts stated, was as to the appellant's right to have a lien on the land declared in his favor as prayed for.

The appellee was, as to one of the tracts of land, entitled to a decree quieting his title thereto against the appellant as prayed for in his complaint, and also to a decree quieting his title to the residue except as against appellant's right to have a lien declared upon the same as demanded in his answer.

The answer, or counter-claim, without questioning the facts alleged in the complaint, attempts to state an equitable cause of action in favor of the appellant. The facts set up in the answer are not stated as a defence to the action, but as the grounds for relief in favor of the appellant. *Campbell* v. *Routt*, 42 Ind. 410.

The answer was not bad, therefore, because it did not answer the whole complaint. Its purpose, as before remarked, was not to answer the complaint, but to state facts as the basis of affirmative relief in favor of the appellant.

It is also insisted that the assessment of the taxes, for which the land in dispute was sold, was, as to those lands, absolutely void, because, from the description, the land assessed could

not be identified.    It is true that from the description on the duplicate alone, as shown by the complaint and the answer, the land intended to be taxed could not be identified, yet it has been held by this court, in a case where the description was as uncertain and as indefinite as in this case, that the tax levied was not so entirely void as that the purchaser at a tax sale of the land intended to be taxed was entitled to no relief.

In the case of *Cooper* v. *Jackson*, 71 Ind. 244, in overruling a demurrer to the second paragraph of the complaint, the court says: "But the description of the land upon the tax-duplicate, and in the auditor's deed, as 'part of the west half of Longlois' Reservation,' is too indefinite to convey title to any land.    It is averred in the paragraph, however, that the description thus given was intended to apply to and cover the lands described in the paragraph.    In other words, the lands described in the paragraph were the lands intended to be covered by and embraced in the description upon the tax-duplicate and in the auditor's deed.

"Where, as in this case, according to the averments of the paragraph, the land intended to be taxed and sold is so indefinitely described that no title can pass by the sale, we think the purchaser at a tax sale has his remedy against the land intended to be taxed and sold, as is provided for by section 257 of the act on the subject of the assessment and collection of taxes. 1 R. S. 1876, p. 129." *Flinn* v. *Parsons*, 60 Ind. 573.

In the case from which we have quoted, the lands were not assessed in the name of the owner.    In the case before us the land intended to be assessed stands in the name of the owners of land in the quarter sections described in the assessment and on the duplicate.    It is averred that the Kelloggs, during said period, owned a specific part of the several quarter sections mentioned in the assessment.    The error in the description in the assessment and on the tax-duplicate is, that it is stated that a part, without specifying what specific part, of said quarter is assessed, etc.    We think that it may be inferred that the assessor and auditor intended, by this imperfect descrip-

tion, to assess such lands as the Kelloggs owned in said division's. It is true that the land intended to be assessed and taxed is so imperfectly described, or, rather, not described at all, that no title to any land could pass by the auditor's sale; yet it does not follow that from the words used, in connection with the name of the owner, it can not be satisfactorily inferred what lands were intended to be assessed and taxed. We think that, from the facts stated in the counterclaim, it may be fairly inferred that the lands intended to be taxed were those owned by the parties to whom the taxes were charged at the time the lands were assessed.

In this view of the case, had the two years elapsed from the time of the sale, the appellant would have been entitled to a deed. He might have brought his action to quiet his title, and, though not entitled to have his title quieted, he would, according to the case of *Cooper* v. *Jackson,* have been entitled to a lien upon the land intended to be assessed, under sec. 257, 1 R. S. 1876, p. 129, for the taxes by him paid. This being so, it would seem to follow that his rights as purchaser and as the holder of the certificate of purchase, which alone could entitle him to his deed, should be protected. *Brown* v. *Fodder,* 81 Ind. 491.

It may be said that in the case of *Cooper* v. *Jackson* it does not expressly appear that the lands intended to be taxed were not correctly described in the assessment. We think the presumption is that the description found on the duplicate was the same as that by which the lands were assessed.

The language of the court in *Sharpe* v. *Dillman,* 77 Ind. 280, that "there can be no decree against the owner of land that can not be ascertained, and there can be no lien upon such land," may be thought to be opposed to the conclusion in *Cooper* v. *Jackson*; but from this incidental remark it can not be inferred that it was intended to question the correctness of the decision in the latter case. It has been acted upon and approved in the subsequent cases of *Sloan* v. *Sewell,* 81 Ind. 180, and *Parker* v. *Goddard,* 81 Ind. 294. It may

be said that it does not appear in either of the above cases. what was the defect in the description of the land. This is true, but it does appear that they were such, in the latter case at least, as to prevent any title from passing by the sale; and the defect was in the listing as well as on the duplicate. We think the facts stated in the answer were sufficient to entitle the appellant to some relief, and that the court erred in sustaining the demurrer to it.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the appellee's costs.