Filed Jan. 22, 1885.

No. 10,854.

## COOPER v. JACKSON.

REAL ESTATE.—*Quieting Title.—Sale for Taxes.—Description.—Mistake.—Complaint.—Demurrer.*—Where, in a suit by the grantee in a tax deed to quiet his title to certain described land previously sold for delinquent taxes, the plaintiff avers, among other things, that such land had been by mistake entered upon the tax-duplicate by a description so indefinite and erroneous that the tax deed conveyed no title thereto, but that such

description was intended to apply to and cover the land in suit, his complaint is sufficient on demurrer to entitle him, as such grantee, to the remedy against the land intended to be taxed and sold, provided in section 257 of the act of December 21st, 1872, for the assessment and collection of taxes, 1 R. S. 1876, p. 129.

SAME.—*Partial Answer.*—*Merger.*—*Mortgage Debt.*—A paragraph of answer, which is expressly limited to a specific part of the complaint, is not bad on demurrer merely because it fails to answer the whole complaint, nor is there any such merger of the debt secured by mortgage, in the decree foreclosing such mortgage, as will make it error to describe such debt as a mortgage debt, or as will invalidate an agreement to assume and pay the debt by that description.

SAME.—*Sale for Taxes.*—*Purchase by Mortgagor or his Grantee.*—*Payment.*— The mortgagor of land, or his grantee remaining in possession, owes a duty to the mortgagee to keep down the taxes, and if he, unmindful of his duty, allows the taxes to become delinquent, and directly or indirectly purchases the land for such taxes, such purchase operates only as a payment of such taxes, and the purchaser acquires no rights thereby as against the mortgagee.

PRACTICE.—*Bad Answer.*—*Overruling Demurrer.*—*Harmless Error.*—The overruling of a demurrer to a bad paragraph of answer is a harmless error, when the evidence is in the record and shows clearly and conclusively that the error did not affect the substantial rights of the plaintiff, and that notwithstanding such error " the merits of the cause have been fairly tried and determined in the court below."

From the Tippecanoe Circuit Court.

*J. A. Stein, G. O. Behm, A. O. Behm* and *T. E. Johnson,* for appellant.

*W. C. Wilson* and *J. H. Adams,* for appellee.

HOWK, J.—The appellant, Cooper, sued the appellee, Jackson, in a complaint of two paragraphs. The first paragraph was a complaint in ejectment, in the ordinary statutory form, for the recovery of certain real estate, particularly described, in Tippecanoe county. The second paragraph stated the appellant's title to the same real estate, under a tax sale and deed, and prayed for alternative relief, either that his title might be quieted, or that an account might be taken of the amount due him for taxes paid, etc., and the same declared to be and enforced as a lien on such real estate. The appellee's

demurrer to the second paragraph of complaint, for the alleged want of sufficient facts therein, was sustained by the court below, but on appeal to this court this ruling was held to be erroneous, and the judgment thereon was reversed. *Cooper* v. *Jackson*, 71 Ind. 244. When the cause was remanded, in obedience to the mandate of this court, appellee's demurrer was overruled to the second paragraph of appellant's complaint.

On the former appeal it was substantially held that a complaint to quiet the title to lands purchased at a delinquent tax sale, wherein it is averred, among other things, that the lands therein described had been, by mistake, entered upon the tax-duplicate and sold by a description so indefinite as to convey no title thereto, but that such description was intended to apply to and cover the lands particularly described in the complaint, is sufficient on demurrer to entitle the holder of the tax deed under the tax sale to the remedy against the lands intended to be taxed and sold, provided in section 257 of the act of December 21st, 1872, for the assessment and collection of taxes. 1 R. S. 1876, p. 129. This holding has been approved and followed by this court in more recent cases: *Sloan* v. *Sewell*, 81 Ind. 180; *Ford* v. *Kolb*, 84 Ind. 198; *Reed* v. *Earhart*, 88 Ind. 159.

After the cause was remanded, appellee answered the second paragraph of appellant's complaint in three paragraphs, of which the first was a general denial, and each of the other paragraphs stated a special or affirmative defence. Appellant's demurrers to the second and third paragraphs of appellee's answer having been overruled by the court, he replied thereto by a general denial. The issues joined were tried by the court, and a finding was made for the appellee on the complaint, and, also, upon appellee's cross complaint which was filed before the former appeal. Over the appellant's motion for a new trial, a judgment and decree were rendered by the court upon and in accordance with its finding.

Errors are assigned here by the appellant which call in question the decisions of the trial court in overruling his demurrers to the second and third paragraphs of answer to the second paragraph of his complaint, and in overruling his motion for a new trial. Before considering any of the questions arising under these alleged errors, we ought to say, perhaps, that prior to the former appeal herein the appellee sought by cross complaint to quiet his title to the land in controversy, as against the appellant, and that issue was joined upon such cross complaint by the appellant's answer in general denial.

In the second paragraph of appellee's answer, "to so much of the second paragraph of complaint as seeks a recovery of the amount which the plaintiff, in such paragraph, claims to have expended in the payment of taxes, interest and penalties," the appellee alleged that, on the 14th day of February, 1868, one Samuel Moore then the owner of the land in controversy, upon which the appellant was seeking to establish a lien, mortgaged such land to the appellee to secure the payment of a sum of money then owing by said Moore to appellee for purchase-money; that afterwards, on February 15th, 1870, the appellee brought suit in the common pleas court of Tippecanoe county to foreclose said mortgage, and such proceedings were thereafter had in that behalf, that, on April 1st, 1870, a judgment and decree for the foreclosure of said mortgage, and the sale of such land were duly rendered and entered; that afterwards, on February 7th, 1876, pursuant to a sale of such land by the sheriff of Tippecanoe county, under an order of sale issued on such judgment and decree, and on failure of redemption from such sale, the then sheriff of the county executed a deed of the land to the appellee, who thereupon went into possession of the land as owner thereof; that prior to the rendition of such judgment and decree, the said Samuel Moore sold and conveyed his equity of redemption in such land to one Zachariah T. Moore, but

such conveyance was not recorded until long after the rendition of such judgment; that after the rendition of such judgment and decree, to wit, in 1870, said Zachariah T. Moore sold and conveyed such land, by warranty deed, to one John C. Shoemaker, who then and there entered into the possession of such land as owner thereof, and thereafter received the rents and profits thereof, until the appellee became the owner of the land as aforesaid; that, as part of the consideration for the conveyance of such land by said Moore to the said Shoemaker, the latter agreed to and with the said Moore to assume and pay off the appellee's aforesaid mortgage, and to assume and pay the taxes then unpaid and assessed against such land; that after the said Shoemaker had procured the conveyance to himself of the land, of which he was in the occupancy and in the receipt of its rents and profits, he neglected and omitted to pay the taxes assessed and due on the land, and suffered such taxes to become delinquent, and permitted the land to be sold by the county treasurer, on February 13th, 1874, for the then unpaid and delinquent taxes; that the said Shoemaker, for the fraudulent purpose of depriving the appellee of his mortgage security, then and there procured his agent, Christian M. Nisley, in charge of such land, to buy in the same at such tax sale and hold the certificate of such sale for his, Shoemaker's, benefit; that the said Nisley bought such land at the tax sale, and held the certificate thereof in no other or different capacity than as Shoemaker's agent, and that afterwards, and pursuant to such agreement between Nisley and Shoemaker, the said Nisley assigned and transferred the certificate of such tax sale to said Shoemaker, who afterwards assigned and transferred the same to the appellant. Wherefore, etc.

Of this paragraph of answer appellant's counsel say that it "only pretends to answer a *part* of the second paragraph of plaintiff's complaint, and is bad on that account, and for not being an answer to the *whole* of the complaint." This objection to the paragraph of answer is certainly novel, but it

Cooper v. Jackson.

is hardly tenable, we think. Counsel cite no authorities in support of their position, and we know of none. We are familiar with the rule of pleading, under the code, which requires that a paragraph of answer must respond to so much of the complaint as it purports to answer, or it will be held bad on demurrer. *Smith* v. *Little*, 67 Ind. 549. But we know of no rule of pleading under which it can be held that a paragraph of answer, addressed and limited upon its face to a specific part of a complaint, is bad on demurrer merely because it is not an answer to the whole of the complaint.

It is further claimed by appellant's counsel that Shoemaker's agreement to assume and pay off appellee's mortgage on the land was invalid and inoperative, because, it is said, the second paragraph of answer showed that the mortgage had been theretofore merged in the judgment and decree of foreclosure. Counsel say: " There could have been no mortgage debt to pay off after the decree of foreclosure, for it was then merged in the judgment." We think, however, that the debt was none the less a mortgage debt, and might properly be described as such after as well as before the judgment and decree of foreclosure. In *Teal* v. *Hinchman*, 69 Ind. 379, it was held by this court that a mortgage is not so merged in a judgment of foreclosure as to defeat the lien of the mortgage. Surely, it can not be correctly said that the debt secured by a mortgage is so merged in the judgment and decree of foreclosure that it can no longer be described, accurately and appropriately, as a mortgage debt.

Appellant's counsel also insist that the allegations of the second paragraph of the answer do not show with sufficient clearness and certainty, that the taxes for which the land was sold and conveyed to the appellant, and which he is seeking to have declared a lien upon the land and to recover back in this suit, were either the taxes which Shoemaker had assumed and agreed to pay off, or the taxes which had been assessed against the land while Shoemaker was the owner and in possession of the land, and in receipt of the rents and profits

thereof. It must be admitted, we think, that in these particulars there is some uncertainty in the allegations of the second paragraph of answer, but, as a general rule, uncertainty in pleading is no ground for demurrer, and can only be reached by a motion to make the pleading more certain and specific in the particulars of which complaint is made. It makes but little difference, however, in the case in hand, whether the paragraph of answer we are now considering is construed as charging that the taxes, for which the land was sold and conveyed to the appellant, were the taxes which Shoemaker had assumed and agreed to pay, or taxes which were assessed against the land after the same was conveyed by Moore to Shoemaker, and while he was its owner and in its possession, and in the receipt of the rents and profits thereof. It is very clear, we think, that the sale and conveyance of the land for taxes to Shoemaker would not, in either event, upon the facts stated in the second paragraph of answer, operate either to pass the title to the land or to create a lien thereon for the amount of taxes paid, interest, penalties and costs, or any part thereof, as against the appellee's prior mortgage lien for unpaid purchase-money.

In either event, it was incumbent on Shoemaker to pay off and discharge the taxes assessed against the land out of his own proper means. This was his duty, either under his contract of assumption or as owner of the equity of redemption, under his deed thereof from Zachariah T. Moore, to pay and satisfy such taxes; and he could not, in violation of such duty, by allowing such taxes to become delinquent, and by purchasing the land on account thereof, acquire a title to the land or a valid lien thereon, as against the mortgagee. In his excellent Treatise on the Law of Taxation, on p. 345, Judge Cooley says: "Some persons, from their relation to the land or to the tax, are precluded from becoming purchasers. The title to be transferred on such a sale is one based on the default of the person who owes to the government the duty to pay the tax. But one person may owe this duty to the government,

Cooper v. Jackson.

and another may owe it to the owner of the land. Such a case may exist, where the land is occupied by a tenant, who, by his lease, has obligated himself to pay taxes. Where this is the relation of the parties to the land, it would cause a shock to the moral sense if the law were to permit this tenant to neglect his duty and cut off his lessor's title by buying in the land at a tax sale. So the mortgagor, remaining in possession of the land, owes it to the mortgagee to keep down the taxes; and the law would justly be chargeable with connivance at fraud and dishonesty, if a mortgagor might allow the taxes to become delinquent, and then discharge them by a purchase which would, at the same time, cut off his mortgage. There is a general principle applicable to such cases; that a purchase made by one whose duty it was to pay the taxes shall operate as payment only; he shall acquire no rights as against a third party, by a neglect of the duty which he owed to such party. This principle is universal, and is so entirely reasonable as scarcely to need the support of authority. Show the existence of the duty, and the disqualification is made out in every instance." The text of this learned author is fully sustained by a long list of decided cases in the courts of last resort in our sister States, to which we refer without reciting them.

We are of opinion that the allegations of the second paragraph of answer show, with sufficient certainty, that Shoemaker could not and did not by his purchase of the land in controversy, at the tax sale thereof, acquire any title to or lien upon such land, which he could enforce either at law or in equity as against the appellee. This being so, as it surely is, it seems clear to us that the appellant, under Shoemaker's assignment of his tax certificate of the sale of the land for taxes, made by his agent by his procurement and at his instance, and under the tax deed executed in pursuance of such assignment, acquired no other, different or better title to or lien upon the land than Shoemaker or his agent had thereto or thereon prior to such assignment. The assignee can take

Cooper v. Jackson.

no more by the assignment of the certificate than the purchaser at the sale took by his purchase. *Hasselman* v. *Lowe,* 70 Ind. 414, p. 417; *Kruger* v. *Supervisors, etc.,* 44 Wis. 605.

Our conclusion is, therefore, that the court did not err in overruling appellant's demurrer to the second paragraph of appellee's answer.

Appellant's counsel also claim that the court erred in overruling the demurrer to the third paragraph of appellee's answer. We think this error is well assigned. If the opinion of this court, on the former appeal of this cause, in holding the second paragraph of appellee's complaint to be sufficient on demurrer, is good law, and certainly it is the law of this case, then the third paragraph of answer is hopelessly bad on demurrer, for practically the appellee sought to present, by his third paragraph of answer, the precise question which this court, on the former appeal, had decided against him. Indeed, appellee's counsel virtually concede, as we understand them, that if the former opinion of this court is adhered to, then the third paragraph of answer was bad, and the demurrer thereto ought to have been sustained.

Appellee's counsel earnestly insist, however, that the second paragraph of answer states his defence to this action, and that this defence was fully and completely sustained by the evidence appearing in the record. In this view of the case we concur with appellee's counsel. We think that the error of the court, in overruling the demurrer to the third paragraph of answer, did not affect the substantial rights of the appellant, and "that the merits of the cause have been fairly tried and determined in the court below." In such a case, and for such an error, the statute forbids that the judgment be "reversed in whole or in part." Sections 398 and 658, R. S. 1881.

The judgment is affirmed, with costs.

Filed Jan. 20, 1885.