Scott *et al. v.* Millikan.

Filed Nov. 24, 1885.

---

No. 12,220.

## Scott et al. v. Millikan.

Taxes.—*Insufficient Description in Tax Deed.*—*Purchaser's Right to Enforce Lien on Land.*—A lien for the amount paid at a tax sale and for subsequent taxes may be enforced against the land by the purchaser, where by mistake the land is erroneously and insufficiently described in his deed, except in the cases provided in sections 6487, 6488, R. S. 1881, and

sections 6496, 6497, R. S. 1881, as amended by the act of 1883, Acts 1883, p. 95.

SAME.—*Action to Enforce Lien, when Brought.—Premature Execution of Deed.*—In such case, a purchaser at such a sale may, after the expiration of the two years allowed for redemption, maintain an action to enforce a lien for the amount paid; and the fact that the county auditor executed a deed to such purchaser a year before the expiration of the time allowed for redemption, will not prevent the enforcement of the lien, such deed being on that account and by reason of the imperfect description invalid and ineffectual to convey title.

SAME.—*Burden of Issue and Proof.*—In such case, the burden is not upon the plaintiff either to allege or prove that the land was liable to taxation, that it had been assessed, that the taxes were unpaid at the time of the sale, or that there had not been a redemption from the sale, as in all these matters the burden is upon the party resisting the enforcement of the lien to show the contrary.

From the Madison Circuit Court.

*M. A. Chipman,* for appellants.

*C. L. Henry* and *H. C. Ryan,* for appellee.

ZOLLARS, J.—On the 29th day of December, 1883, appellee filed an amended complaint against appellant Amanda J. Scott, and her husband, to enforce a lien for taxes upon her land, which he had bought at a tax sale. Their demurrer to that complaint was sustained; he excepted, and declining to further amend, judgment was rendered against him.

This action was commenced in March, 1884, is grounded upon the assigned error of the court in sustaining the demurrer, and the object of it is to have a review of the proceedings and a vacation of the judgment. A copy of the complaint to which the demurrer was sustained, together with the demurrer and all the proceedings in the case, are incorporated and made a part of the complaint in this action. To this complaint appellants filed a demurrer, which, over their objection and exception, was overruled, and the judgment which had been rendered against appellee was vacated and set aside.

If the original complaint is sufficient, this action of the court is correct; if that complaint is not sufficient, the court

erred in overruling appellants' demurrer to the complaint in this action and in vacating the judgment. The question for decision upon this appeal, therefore, is, does the original complaint state facts sufficient to constitute a cause of action?

The material portions of the complaint may be summarized as follows: Prior to and on the 9th day of February, 1880, one William Wilson was the owner of the S. E. ¼ N. E. ¼, S. 20, T. 20 N., R. 7 E. "Through the mistake, error, oversight and inadvertence of the auditor of Madison county, said real estate above described was placed upon the tax duplicate in the name of said William Wilson, and was so carried forward from year to year on the tax duplicate of said county, * * * by the following incorrect, insufficient and erroneous description, to wit: A part of the west half of the southeast quarter of section 20, township 20 north, range 7 east, 40 acres, more or less, in Madison county, Indiana, which erroneous description was intended to cover and embrace the real estate first above described, and was the only real estate upon the duplicate and taxed in the name of said William Wilson for the years for the taxes on which the same was sold. * * * Said William Wilson did not own any real estate in said county other than that first above described, and the same was not taxed nor paid in the name of any other person." On the 9th day of February, 1880, the real estate so owned by Wilson, and by the incorrect description, was among the lands returned delinquent for the non-payment of State and county taxes, and on that day, at a general sale by the county treasurer of such delinquent lands, appellee bought the Wilson land, and paid therefor $140.87, "the same being the amount due thereon for State and county taxes, costs, interest and penalties." In pursuance of the sale, and upon the day thereof, the treasurer executed and delivered to appellee a certificate of purchase. On the 15th day of February, 1881, the county auditor made and delivered to appellee a deed for the land so sold. This deed was recorded on the same day.

The erroneous and insufficient description was carried into the notice of sale, the certificate and deed, although the intention was to cover and convey the said land owned by Wilson. Subsequent to the deed, appellant Amanda J. Scott became the owner of the Wilson land, and still owns it. It is further averred that by reason of the imperfect and insufficient description of the land, the tax deed is not sufficient to convey the title. The prayer is, that the amount paid at the tax sale, and $29.53 taxes alleged to have been subsequently paid by appellee, shall be declared to be a lien upon the land, and that the lien be enforced by a sale of the land, etc.

The demurrer, of course, admits all of the facts sufficiently pleaded in the complaint.

The substance of appellant's objections to this complaint, as presented by her counsel, is, that by the averments therein it appears that the tax deed was prematurely issued, and that the complaint should, but does not, contain the averments that the Wilson land was liable to taxation; that it had been assessed; that the taxes were unpaid at the time of the sale; and that there had been no redemption from the sale. If land is not liable to taxation, or if liable the taxes have been paid before sale, or if after sale the land has been redeemed, the purchaser can not enforce a lien for any amount that he may have paid. 1 R. S. 1876, pp. 124, 129, sections 228, 229, 256, 257; R. S. 1881, sections 6487, 6488, and sections 6496, 6497, as amended by the act of 1883, Acts 1883, pp. 95-6. With these exceptions, it is well settled by the adjudications of this court that a lien for the amount paid at a tax sale, and for subsequent taxes paid by the purchaser, may be enforced against the land in favor of the purchaser, where, as in this case, by mistake, the land is erroneously and insufficiently described. *Cooper* v. *Jackson,* 71 Ind. 244; *Cooper* v. *Jackson,* 99 Ind. 566; *Sloan* v. *Sewell,* 81 Ind. 180; *Reed* v. *Earhart,* 88 Ind. 159; *Peckham* v. *Millikan,* 99 Ind. 352. See, also, 1 R. S. 1876, p. 124, section 229; R. S. 1881, section 6488; Acts 1883, p. 95, sections 2 and 3.

Scott *et al. v.* Millikan.

It has been held, and properly so, that these statutes do not authorize the purchaser at a tax sale to institute proceedings and enforce such a lien and recover the increased penalties during the two years allowed for redemption, but that in an action by the land-owner, even before the expiration of the two years, the purchaser will be protected. *Montgomery* v. *Aydelotte*, 95 Ind. 144; *Reed* v. *Earhart, supra.* See also *Brown* v. *Fodder*, 81 Ind. 491. In the case before us, there is no attempt to enforce the lien before the expiration of the two years allowed for redemption. As we have seen, the land was sold in February, 1880. There was no redemption, nor attempt to redeem. This action was not commenced until December, 1883. The deed, however, was executed one year before the time for redemption had expired, and hence one year too soon. It is said by counsel for appellee, that the averment in the complaint, that the deed was made in 1881, is a clerical mistake, and that the deed was, in fact, not made until after the expiration of the two years allowed for redemption. However that may be, we must dispose of the case as it is presented by the record. Sections 256 and 257, R. S. 1876, p. 129, provided in substance, as do sections 6496 and 6497, R. S. 1881, as amended by the act of 1883, Acts 1883, p. 95–6, that if any conveyance, made by the county auditor pursuant to a sale made for the non-payment of taxes, shall prove to be invalid and ineffectual to convey title, the lien which the State may have on the lands sold shall remain in full force, and shall be transferred by such deed to the grantee, who shall be entitled to enforce it and all subsequent taxes by him paid against the land. Unless the fact that the deed was made a year before the expiration of the time allowed for redemption, is in the way, the complaint under consideration makes a case clearly within the provisions of the above statutes.

The purpose of these statutes is to facilitate the collection of taxes, by inflicting penalties upon the delinquent owner,

Scott *et al. v.* Millikan.

and holding out a reward to the purchaser. The deed here was made in pursuance of the sale, and as a means of perfecting title through the sale, but it was prematurely made. It was, therefore, and by reason of the imperfect description of the land, invalid and ineffectual to convey title. It would have been no more nor less a deed, nor more nor less invalid and ineffectual to convey title, had it been made but a day or half a day before the expiration of two years from the date of the sale, nor would it, in this case, have been more effectual to convey title, had it been made a day or a year after the expiration of the two years. Neither would appellant have occupied a better position had appellee discarded the deed and taken another after the expiration of the time allowed for redemption. The deed was made by the county auditor. It was made in pursuance of a sale made for the non-payment of taxes. It is invalid and ineffectual to convey title. The case is, therefore, one that the above statutes were intended to and do cover. See *Locke* v. *Catlett,* 96 Ind. 291. In a case like this, under the above statutes, the burden is not upon the plaintiff either to allege or prove that the land was liable to taxation, that it had been assessed, that the taxes were unpaid at the time of the sale, or that there has not been a redemption from the sale. As to all of these matters, the burden is upon the party resisting the enforcement of the lien to show the contrary. This has been held to be the rule in the assertion of title through a tax sale and deed, and in cases like this. *Cooper* v. *Jackson, supra; Earle* v. *Simons,* 94 Ind. 573.

We think that the court below ruled correctly in overruling appellant's demurrer to the complaint for review, and that the judgment should, therefore, be affirmed.

Judgment affirmed, with costs.

Filed Nov. 24, 1885.