## BASSETT and wife vs. WELCH.

TAX TITLE: *Person liable for the tax cannot acquire—Whether his assignee of the certificate, for value, without notice, can acquire tax title.—Evidence.*

1. One in possession of land when taxes accrue thereon, and against whom they are assessed, cannot acquire title under a sale for such taxes.
2. Where a tax certificate has been purchased and assigned by the party who was bound to pay the tax, the assignee, to sustain his tax deed, must *at least* show that he took without knowledge that his assignor was so bound. Whether this will be sufficient is not here determined.
3. Evidence that a tax certificate was assigned to "E. Jones," that one Ephraim Jones was in possession of the land claiming title, when the tax accrued, and that a tax deed was afterwards taken out on such certificate in the name of his son, would sustain a finding by the jury that said Ephraim was the assignee, and that he was bound to pay the tax.
4. It was therefore error to refuse evidence of the first named fact, when the second and third were in proof.

APPEAL from the Circuit Court for *Winnebago* County.

Ejectment. The plaintiffs appeal from a judgment for defendant. The case is stated in the opinion.

*Gary & Burnell*, for appellants.

*Hooper & Bailey*, for respondent, contended, among other things, that if the administrator's deed under which defendant's lessor held possession at the time the taxes accrued, was void, he was not bound to pay the taxes.—This tax was

not assessed against the lessor. If it had been, plaintiff would have offered proof of the fact. 2. The law did not require the treasurer to keep any entry of the assignees of tax certificates, and therefore his books were not legal evidence of the identity of the assignee.

PAINE, J. This was an action of ejectment, in which although another title was set up by the defendant in the pleadings, yet the defense seems to have finally rested on a tax title. The defendant claimed under Ephraim Jones, and there was evidence tending to show that C. W. Jones, to whom the tax deed in question was issued, was a son of Ephraim Jones. To avoid the tax deed, the plaintiffs, among other things, offered to show by the treasurer's books, that the tax certificates on which the deed was issued, were purchased by and assigned to "E. Jones." This was done for the purpose of claiming that this E. Jones was the Ephraim Jones under whom the defendant holds, and that, as it appears that he was in possession of the land and claiming title at the time when these taxes accrued, he was bound to pay them, and that therefore the assignment of the certificates to him should be held equivalent to a payment. The law upon this point is, that if he was so in possession, and the taxes were assessed to him, he was bound to pay them; and if he allowed the land to be sold, and afterwards took an assignment of the certificates, this would be a payment, and he could not take out a deed upon them, and set it up against others who may have had the true title to the land. This question is partially considered in *Smith v. Lewis,* 20 Wis., 350, where Justice DOWNER asserts the doctrine that possession merely, under color of title, imposes an obligation to pay the taxes. Chief Justice DIXON, while declining to commit himself to that position, and holding that no such relation appeared in that case between the parties as would

have prevented the party in possession from acquiring a title through a tax deed, yet states the law upon the subject as follows: "It will be found, on examination of the adjudged cases, that the turning point in all of them was, *the obligation of the party setting up the tax title to pay the taxes.* If he was under such an obligation, either from having been in possession and liable to pay the taxes at the time of assessment, or from their having been properly assessed against him, or by reason of any covenant or promise to the party against whom he claimed the title, the deed in such cases has been held unavailing."

Now, as our own statute provides that taxes may be assessed against the owner or occupant, and as Ephraim Jones was in possession, claiming title under an administrator's deed, when these taxes were assessed, it may reasonably be inferred that they were assessed against him. If so, according to the rule above stated, he could not avail himself of this tax title.

But the evidence offered was to show that the certificates were assigned to "E. Jones." And it may be conceded that, in the absence of any other circumstance strengthening such a conclusion, the jury would not be entitled to assume that "E. Jones" was Ephraim Jones. But when it appears that Ephraim Jones was in possession of the land, that these tax certificates were assigned to E. Jones, and that tax deeds were subsequently taken out on them in the name of a son of Ephraim Jones, we think a jury might well have inferred that the purchase was by Ephraim Jones, and that he had probably had the deeds taken out in the name of his son upon an understanding that the title was to be held for his benefit. Certainly they would have been entitled to infer that Ephraim Jones was the purchaser. And that being so, we shall not determine whether the purchase by him would so far have extinguished the certificates that he could not

have transferred them for value to a *bona fide* purchaser, without notice of the fact that the taxes had been assessed against his vendor, and thus have kept them valid in the hands of such purchaser. That question will be reserved for decision when it becomes necessary. But we do hold, that the purchase of the certificates by the party in possession, against whom the taxes were assessed, has such an effect upon them that they will not sustain a tax deed subsequently issued on them, unless it may in the hands of a *bona fide* purchaser for value; and further, that after it is once made to appear that the certificates had been so purchased by the person bound to pay the taxes, the burden is upon any one asserting a title under such tax deed, to show that the owner of the tax title was such *bona fide* purchaser of the certificates. Whether even this would be sufficient to sustain the tax deed, will, as before remarked, not be determined here.

It follows that the evidence offered tending to show that Ephraim Jones was the purchaser of these certificates, should have been admitted.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.