KRUGER VS. THE SUPERVISORS OF WOOD COUNTY.

TAX CERTIFICATES: CAUSE OF ACTION. *(1) When assignment of tax certificates required. (2) Presumption as to assignment. When action not maintainable on invalid certificates transferred by county to its grantee of the land.*

1. An assignment by the county of the certificates of tax sales made to it, is necessary to enable any other person to maintain an action upon such certificates.

2. H. purchased and took a deed from a county of lands upon which it held tax certificates; and the certificates were delivered to him without other consideration therefor than that paid for the lands. Afterwards he sold the certificates to H., who brought an action against the county for the amount of them, on the ground that the sales were invalid; but it did not appear that H. had ever been disturbed in the possession of the lands. *Held,*

(1) That it would not be presumed, on these facts, that the certificates were duly *assigned* by the county to H., upon their transfer to him.

(2) That, apart from any lack of assignment, neither H. nor his assignee could, under the circumstances, maintain an action against the county for the amount of these certificates.

APPEAL from the Circuit Court for *Wood* County.

Plaintiff appealed to said circuit court from a determination of the defendant board rejecting his claim for the amount of certain illegal tax certificates purchased by him from one Houston, and by the latter from the county. The cause was tried on an agreed statement of facts, which was substantially as follows: In December, 1872, the clerk of said county sold to Houston for specified sums, two quarter-quarter sections of land therein, which had been previously sold and deeded to the county for delinquent taxes, and the tax deed thereof duly recorded in October, 1870; and said clerk delivered to Houston, not only quitclaim deeds of the lands, but also, without any further consideration, the tax certificates thereon, then held by the county. In May following, Houston also took a deed

of the same lands from the original patentee; and this deed and the quitclaim deed from the county were both duly recorded. In March, 1872, and May, 1873, the clerk of said county sold to Houston, for certain specified sums, three other quarter-quarter sections of land therein, which had been previously sold and deeded to the county for delinquent taxes, and the tax deed thereof duly recorded in January, 1870; and said clerk delivered to Houston not only quitclaim deeds of said lands, but also, without further consideration, all tax certificates thereon then held by the county. In February, 1872, Houston purchased of the county "all tax liens" then held by it on another quarter-quarter section in said county, for a certain sum, and the county clerk executed and delivered to him a tax deed, upon the tax sale of 1868, and also delivered to him all the tax certificates held by the county upon said lands, "for said sum, and without any other or further consideration therefor." The several sums paid by Houston in each case included the amounts named in the certificates delivered to him. The resolution of the county board under which the clerk acted, authorized him to sell and convey to any person any tract of land on which the county had, or might thereafter have, a tax deed, and deliver to the purchaser a quitclaim deed; and it required the purchaser, upon delivery of the deed, to pay said clerk the amount paid by the county upon such lands, for taxes, expenses and charges, including expenses of the deed; and also directed the clerk to deliver to such purchaser all tax certificates held by the county on the land so sold. "The title to all of said lands acquired by Houston by the deeds above mentioned, has remained in him ever since the recording of said deeds respectively, and is still held by him;" but the lands have never been in his actual possession, or that of any other person, being wild and unoccupied. In 1874 or 1875, plaintiff purchased all of said tax certificates from Houston, without actual knowledge that the latter held

deeds of the lands.    The assessment of the land for taxation in each instance was without actual view; and there were also irregularities in the sales upon which the tax deeds executed to the county were founded.

Upon these facts, the circuit court rendered judgment dismissing the complaint; from which the plaintiff appealed.

*Henry Hayden*, for the appellant:

1. It is said that Houston could not have recovered the amount paid for these certificates, because by his deeds from the county he had acquired title to the lands in fee simple, and his purchase of the certificates operated only as a redemption.    But Houston has never been in actual possession; the tax deed to the county on which his first two purchases were based, was mere waste paper, the assessment as well as the sale being void (*Philleo v. Hiles*, 42 Wis., 531), and it did not even give the county or Houston constructive possession, or set running the three years' limitation applicable to tax deeds. Even if that were otherwise, Houston had the right to take deeds upon every certificate he held, prior to his taking actual possession of the land (*Smith v. Lewis*, 20 Wis., 355; *Lybrand v. Haney*, 31 id., 230); and plaintiff acquired that right from him.    2. Plaintiff was a purchaser in good faith without notice of Houston's deeds, the land being unoccupied; and, as against him, the county was estopped from setting up any defense except that the several tax sales were valid, because it could not take advantage of its own wrong in selling illegal tax certificates (Tay. Stats., 430, § 145), to the damage of an innocent person; and, under the statute (Tay. Stats., 443, § 179), the certificates being invalid, the purchaser or his assigns is entitled to receive from the county treasurer the amount paid therefor with seven per cent. interest.    *Norton v. Supervisors*, 13 Wis., 611.    If the certificates had been valid, plaintiff could have taken valid deeds thereon, and become owner of the land as against Houston and all the world.

The certificates being void, and the county having received value for them as though they were genuine, it is equitably and legally bound to refund the amount.

*L. P. Powers*, for the respondent.

COLE, J.   There is nothing to show that the tax certificates in question were properly assigned, either by the county or by Houston. Such an assignment would be essentially necessary in order to enable the plaintiff to maintain the action, if no other objection to a recovery existed. *Hyde v. Sup'rs of Kenosha Co.*, 43 Wis., 129; *Capron v. Sup'rs of Adams Co.*, id., 613. It may be said that we must presume the certificates were duly assigned by the county to Houston, and by Houston assigned to the plaintiff, when they were sold. But this presumption can hardly be made, in view of the facts stipulated, to the effect that when Houston purchased the lands of the county, he took a conveyance from the county, and the tax certificates were delivered to him at the time without any other or further consideration than the one mentioned in the deeds.

But, not to dwell upon this point, we think there is a further, insuperable difficulty in the way of a recovery in the action. The plaintiff surely stands in no better position than his assignor would have occupied, had he prosecuted this claim. Suppose Houston himself had brought the action: could he have recovered upon the facts disclosed in the record? It appears to us that he could not, for this reason. He purchased and took a deed from the county of the lands upon which these tax certificates issued, and it is a fair inference from the transaction that the certificates were delivered to him at the time merely as muniments of title. He certainly ought not to be permitted to keep these certificates alive against lands which he had purchased, or be allowed to transfer them to another and give a right of action against the county. For he acquired the lands by his purchase, or whatever title or interest the

county had in them, paying the consideration mentioned in his deeds. It does not appear that he has been disturbed in his title, or that his deeds have been avoided on any ground. He still enjoys all the advantages of his contract; has, so far as the case discloses, a good title to the lands; yet seeks, by transferring the certificates to a third party, to create a claim against the county. This he cannot do. It is perfectly evident from the facts set forth in the stipulation, that the county did not sell the certificates; it sold and conveyed its interest in the lands upon which they were issued, and the certificates were delivered to the purchaser, not as valid outstanding instruments. Whether the certificates were valid or invalid was immaterial so long as Houston acquired what he bargained for. He still enjoys the fruits of his purchase. Consequently, as he could not, under the circumstances, maintain an action against the county upon the certificates, it is too plain for argument that he could not transfer them and give his assignee any greater or better right than he himself possessed.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.* — Judgment affirmed.