ADELPHIA PARKER v. THE REMINGTON SEWING MACHINE CO.

CASE-MADE; *Error.* Where proceedings in error are prosecuted in this court upon a case-made, and there is omitted from the case the motion for a new trial, such omission cannot be supplied by the subsequent stipulation of counsel of the contents of the motion, so as to have this court consider and review the alleged errors of law occurring on the trial.

*Error from Montgomery District Court.*

AT the March Term, 1879, of the district court, *The Remington Sewing Machine Co.* had judgment against *Parker,* who brings the case here. The facts sufficiently appear in the opinion.

*Hill & Broadhead,* for plaintiff in error.

*Humphrey & O'Connor,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This proceeding comes to us on a case-made. Exceptions are taken to the rulings of the court be-

below, in the admission of evidence, and for other errors occurring on the trial. The grounds of the motion for a new trial are omitted in the case-made, and for all practical purposes the case is before us as if no motion for a new trial had been filed. The defects or omissions in the record are attempted to be cured by the stipulations of counsel, separate and independent of the case-made. Notwithstanding the agreement, the counsel for defendant in error directly challenge the record, on account of the absence of the motion for a new trial. We cannot, therefore, ignore the omission. In the absence of this motion, we cannot review the alleged errors occurring on the trial, as the stipulation of counsel, entered into subsequently to the settling and signing of the case-made, is not a part of the case, and cannot be included in our determination of the matters submitted thereon. (*Hodgden v. Comm'rs of Ellsworth Co.*, 10 Kas. 637; *State v. Bohan*, 19 Kas. 28; *Winstead v. Standeford*, 21 Kas. 270; *Shumaker v. O'Brien*, 19 Kas. 476; *Transportation Co. v. Palmer*, 19 Kas. 471.)

As the amended petition, filed in the trial court with the consent of the attorney of the plaintiff in error, contained sufficient facts to constitute a good cause of action, the only question remaining upon the record is, whether the judgment is in due form. The entry we think incorrect in not clearly providing, that upon the payment by Mrs. A. Parker of the $600 returned by the jury in their verdict, the judgment against her be fully satisfied, and her property released from any mortgage or judgment lien. It is therefore directed that the case be remanded, with orders to the district court to modify and correct the judgment according to the views herein expressed; and the costs of this court will be equally divided between the parties.

All the Justices concurring.