## F. W. GILES v. AUGUSTA C. AUSTIN.

REVIEW — *New Trial — Defective Record.* Where the only motion for a new trial shown in a case on appeal is entitled in an action other than that on appeal, the appellate court will assume that no motion for a new trial was made in the case at bar.

*Error from Shawnee District Court.*

ACTION by *Augusta C. Austin* against *F. W. Giles.* From a judgment in favor of plaintiff, defendant brings error.

*Douthitt, Jones & Mason,* for plaintiff in error.

*Edwin A. Austin,* for defendant in error.

*Per Curiam:* The trial was had in this case before the court without a jury. Judgment was rendered in favor of plaintiff below and against the defendant below. The defendant excepted, and brings the case here. The only errors complained of are as follows:

"1. That the judgment is contrary to law, and, under the

facts presented, should have been in favor of defendant below.

"2. That the court erred in admitting evidence at the trial of the case."

The complaint, therefore, is of errors "occurring at the trial." To enable this court to review a decision of the trial court "occurring at the trial," the party complaining must move for a new trial, alleging his grounds. This, of course, must be in writing, properly entitled. The failure to present a motion for a new trial, or the absence of an exception to the ruling of the court upon such a motion, is fatal to any review of the errors therein alleged. (*City of Atchison v. Byrnes*, 22 Kas. 65.)

There is contained in the record a motion for a new trial in the case of R. B. Kepley *v.* F. W. Giles. A case of that title, it appears, was pending in the court below at the same time of this action. By mistake, accident, or for some other reason, the motion in the former case has been inserted in this record. A new trial was denied by the court below. Therefore, upon the record as presented, we cannot assume that the motion for a new trial in this case was the same as the one filed in the Kepley case. The rulings in the trial court assigned for error must be shown by and embodied in the transcript or case-made, and it cannot be shown by any other or by extrinsic evidence. (*Parker v. Sewing Machine Co.*, 24 Kas. 31; *Snavely v. Buggy Co.*, 36 id. 106; *Jones v. Kellogg*, 51 id. 263.) A cause can only be determined in this court upon a transcript or a case-made. No transcript is here, and the case-made shows the presentation of a motion for a new trial in the Kepley case, but no motion for a new trial in this case. We cannot go outside of the record and ascertain whether any motion was actually filed in this case, or what such motion, if filed, contained. The omission of the motion in this case, whether omitted by mistake, accident, or otherwise, is fatal to our consideration of the merits discussed in the briefs. It is suggested that the motion contained in the record was filed in this case, and that it was so

regarded by all the parties and the court below.   If the court had sustained the motion, we might act upon the suggestion; but the motion was overruled.   The reasons therefor are not given.   All the presumptions are favorable to the ruling of the trial court, and as it overruled the motion, we cannot say that the motion now appearing in the record was considered as a sufficient motion in this case by the court.   Therefore, upon the record as presented, the judgment will be affirmed.