## MORGAN HEATON AND MATTIE J. HEATON v. THE NORTON COUNTY STATE BANK.
### No. 112.

1. APPELLATE JURISDICTION — *record not affirmatively showing amount in controversy, evidence aliunde admissible concerning.* When the record does not affirmatively show the amount or value of the subject-matter in controversy, evidence *aliunde* the record is admissible to establish the fact.

2. DURESS — *threat of criminal prosecution may constitute, though individual actually guilty.* When the execution by the wife, of a deed of conveyance of the family homestead, is obtained by threats of the arrest and imprisonment of her husband, such deed will be held invalid and void on the ground of undue influence, even though the threatened arrest and imprisonment is for an offense of which the husband is guilty. The unlawful use of criminal process, or the threatened unlawful use of criminal proceedings, is, itself, unlawful, and no advantage so obtained will be sustained by the courts.

3. APPELLATE PROCEDURE — *objection to evidence not specifically made at trial, not considered on error.* When offers of evidence and the rulings of the court thereon are made upon the theory that the issues being tried are applicable alike to all the defendants, an appellate court will review the rulings of the trial court upon the same theory, and will not regard a technical objection specifically made for the first time on appeal, that as to one defendant, who was in default, the rulings were correct.

4. WITNESS, COMPETENCY — *officer taking acknowledgment not precluded by certificate from testifying to attending circumstances, though showing duress.* An officer who certifies to the fact that the grantors in a deed personally appeared before him and acknowledged the execution thereof, is a competent witness to testify to the circumstances surrounding such execution and

HEATON v. NORTON CO. STATE BANK.        499

Jan. 4, 1897.        Opinion.   Gilkeson, P. J.        W. Div.

acknowledgment, notwithstanding the testimony may tend to show that the execution of the deed was obtained by duress or undue influence.

Error from Norton District Court.   Hon. A. C. T. Geiger, Judge.   Opinion filed January 4, 1897.   *Reversed.*

This action was prosecuted in the court below by the defendant in error, as plaintiff, to recover from the plaintiffs in error, as defendants, the possession of certain real estate deeded to it by the defendants, and two hundred dollars as damages for the detention thereof.   The consideration recited in the deed was twenty-five hundred dollars.   The property was the homestead of the defendants.   It was contended by defendant Mattie J. Heaton, in her defense to the action, that the deed given to the plaintiff was excuted by her under duress induced by threats, on the part of certain agents of the plaintiff, of the arrest and criminal prosecution of her husband, defendant Morgan Heaton, for an alleged embezzlement of moneys of the plaintiff of which he was at one time a managing officer.   The case was tried to the court and judgment rendered for the plaintiff.   The defendants prosecute error.   The principal errors assigned are indicated in the opinion.

*L. H. Wilder*, and *Angevine & Cubbison*, for plaintiffs in error.

*Waggener, Horton & Orr*, for defendant in error.   *A. N. Sullivan*, and *L. H. Thompson*, of counsel.

GILKESON, P. J.   The jurisdiction of this court to hear and determine this action is again challenged by the defendant in error, upon the ground that the amount or value of the property in controversy exceeds

the sum of two thousand dollars.  This question was raised in this court by motion to certify the action to the Supreme Court, which upon hearing was denied. We are satisfied with the ruling made upon that motion at that time.   The defendant in error contended then, as it does now, that the consideration mentioned in the deed, the deed being pleaded, establishes   the   amount   in   controversy. ·We think not.   The only object in setting out or referring to the deed, is for the purpose of showing title ; it was introduced in evidence for this purpose only.   There is not an allegation in this petition that refers to the value of the property.   How the consideration mentioned in a deed executed long prior to the commencement of the action, can, of itself, establish the value of the property in controversy, we cannot understand.   If the consideration of this deed had been natural love and affection, or "the sum of one dollar and other valuable considerations," we do not think the learned counsel for defendant in error would for a moment contend that such consideration established the jurisdiction of this court.

1. Amount in controversy, how shown.

But the vital question in this case is that of duress. In other words, do threats of lawful arrest constitute duress?   This we must answer in the affirmative. While it has been held that threats of imprisonment, to constitute duress, must be unlawful imprisonment, we think the question is, whether the threat is of imprisonment which will be unlawful in reference to the ·conduct of the threatener, who is seeking to obtain a ·contract by his threat.

" Imprisonment that is suffered through the execution of a threat which was made for the purpose of forcing a guilty person to enter into a contract, may be lawful as against the authorities and the public, but unlawful as against the threatener, when consid-

HEATON v. NORTON CO. STATE BANK.     501

Jan. 4, 1897.          Opinion.   Gilkeson, P. J.          W. Div.

ered with reference to his effort to use for his private benefit, processes provided for the protection of the public and the punishment of crimes.   One who has overcome the mind and will of another for his own advantage, under such circumstances, is guilty of a perversion and abuse of the laws which were made for another purpose, and he is in no position to claim the advantage of a formal contract obtained in that way. . . .   In such a case there is no reason why one should be bound by a contract, obtained by force, which, in reality, is not his, but another's."   *Morse v. Woodworth*, 155 Mass. 233 ; *Hargreaves v. Korcek*, 44 Neb. 660, 62 N. W. Rep. 1086.

In the case of *Bone v. Detrick* (52 Ill. 27), the court said :

"The mortgage was void for another reason ; it was executed through a perversion and abuse of criminal process.   It is against public policy that process should be thus used, and no court will allow the results flowing from it to be enjoyed by him who so uses it."

The Supreme Court of California has said : "Under that kind of menace which consists in a threat of an injury to the character of a person, it is entirely immaterial whether such person is guilty or innocent of the crime to be charged." *Morrill v. Nightingale*, 93 Cal. 452, 28 Pac. Rep. 1068 ; citing *Bone v. Detrick*, supra.

2. Duress, what may constitute.

In *Hackett v. King* (6 Allen, 58), it was held :

"Though a person is arrested under a legal warrant, and by a proper officer, yet, if one of the objects of the arrest is thereby to extort money, or enforce the settlement of a civil claim, such arrest is a false imprisonment by all who have directly or indirectly procured the same, or participated therein for any such purpose ; and a release or conveyance of property obtained by means of such arrest is void."

In *Taylor v. Jaques* (106 Mass. 294), the court says :

"If he had embezzled their funds, they had a right to have him prosecuted. If he owed them a debt they had a right to accept security for it. But they would have no right to make use of criminal process for the collection of a debt. An arrest, even upon a legal warrant and upon a criminal charge, to compel the payment of a mere debt, would be a misuse of legal process ; and the threat of such an arrest may constitute unlawful arrest."

"It is now well settled that when there is an arrest for improper purposes, without a just cause, or where there is an arrest for a just cause, but without lawful authority, . . . for unlawful purposes, it may be construed duress." *Richardson v. Duncan*, 3 N. H. 511.

"It will thus be seen that an imprisonment for an unlawful purpose will constitute duress, and such being the fact, a threat of arrest and imprisonment, made for unlawful purposes, will constitute menace." *Morrill v. Nightingale*, supra.

And the Supreme Court of this State has said :

"An arrest by a legal warrant on a criminal charge, to compel the satisfaction of a mere private civil demand, is a misuse of process, and fraud upon the law, and an illegal arrest as respects the party who knowingly and purposely perverts the machinery in that way. And papers obtained under the pressure of such a proceeding by the party promoting it, are at least voidable as against him at the election of the party thus constrained to make them." Citing *Seiber v. Price*, 26 Mich. 522 ; *Thompson v. Niggley*, 53 Kan. 667.

The facts set out in the pleadings in this case are, that this deed was obtained to satisfy an alleged indebtedness between the Bank and Morgan Heaton, by means of a threat that, if Mattie J. Heaton did not execute it, her husband would be arrested and imprisoned. Such a threat contemplates an abuse of

HEATON v. NORTON CO. STATE BANK.    503

Jan. 4, 1897.    Opinion.   Gilkeson, P. J.    W. Div.

criminal process, and impedes the due course of public justice.   One of the objects — indirectly, however — of the giving of this deed, was to relieve the defendant, Morgan Heaton, from responsibility for a violation of the law — that is, if he were guilty of the crime alleged, as we have assumed for the purposes of this decision.   Is this not expressly forbidden by paragraph 2298, General Statutes of 1889?   We think it is.   We cannot better express our views upon this than by quoting the language of the court in *Eadie v. Slimmon* (26 N. Y. 9):

"Either the accusation which the defendant brought against Eadie was entirely unfounded, or he was seeking to compromise (compound) a criminal offense.   If he knew that a crime had been committed by Eadie, he had no right to compromise it in this way, and the securities obtained on such compromise were received as a consideration for compromising a felony, and for that reason were invalid, else the whole of his assertions and threats on the subject were a gross imposture."

It is true that this defense is not raised ; but the answer to that is found in the language of Ryan, C. J., in *Wight v. Rindskopf* ( 43 Wis. 348 ) :

"If the objection be not made by the party charged, it is the duty of the court to make it on its own behalf.   Courts owe it to public justice, and to their own integrity, to refuse to become parties to contracts essentially violating morality or public policy, by entertaining actions upon them.   It is judicial duty always, to turn a suitor upon such a contract out of court, whenever and however the character of the contract is made to appear."

It is argued that the court below did not err in excluding certain testimony, for the reason that the offers to prove were apparently made on behalf of both defendants, although Morgan Heaton, one of the

504    HEATON v. NORTON CO. STATE BANK.

N. Dept.          Opinion.  Gilkeson. P. J.          5 Kan. App.

defendants, was in default by failing to answer; and the same objection is made to the assignment of error in this court. We cannot sustain this contention. The trial seems to have been had upon the theory that both defendants were interested alike in the action, nor does it appear that this point was raised in the trial court; and if it had been, we think it is not tenable, and that the evidence should not have been excluded for such reason. As to the objection to the assignment of error in this court, we cannot agree with the defendant in error. The evidence in the lower court, and the assignment in this, should, we think, be treated and considered as if they had been specially made for Mrs. Heaton, without reference to whether Morgan Heaton was in default.

3. Objection to evidence, when not considered.

We think the court erred in the rejection of the testimony concerning the facts and circumstances leading up to, and surrounding, the execution of the deed. All of this testimony was proper and should have been admitted. Should we concede that the notary could not be permitted to deny a fact which he had expressly certified to, it would not preclude him from testifying to the circumstances with reference to which his testimony was offered; and he is certainly a competent witness to show all that occurred at the time he was taking the acknowledgment. Besides, we are at a loss to understand how any of his testimony contradicts anything in his certificate, or that which he is required to certify to by statute. He is not required to certify to any of the transactions concerning the instrument or the contents thereof. He only certifies that the party duly acknowledged the execution, not that her act was voluntary or otherwise. A certificate

4. Officer taking acknowledgment competent for what.

of acknowledgment is only *prima facie* evidence of the execution of the deed. *Wilkins v. Moore*, 20 Kan. 538.

The execution of a deed can be proven even though the deed has never been acknowledged. ¶ ¶ 1121, 1122, 1123, Gen. Stat. 1889.

The Supreme Court of this State has held where the execution of a deed is proven, it is then immaterial whether the deed was acknowledged or not. *Heil v. Redden*, 45 Kan. 562.

The judgment in this case will be reversed and cause remanded for a new trial.