William W. McLaughlin v. Smedley Darlington.
No. 216.

1. Appellate Practice — *evidence aliunde the record received* *to show jurisdiction.* Where the amount in controversy is not disclosed by the record of the proceedings of the lower court in the cause, this court will hear affidavits or other competent evidence, upon application of the plaintiff in error, for the pur- pose of showing that the amount in controversy is sufficient to give the court jurisdiction to hear and determine the cause upon the merits.

2. —————— *certificate of trial judge may be attached after case- made filed.* Where the certificate of the trial judge is necessary, in cases involving less than one hundred dollars, to show that such case is within the exception of the statute, this court will permit an amendment to the record by the filing and attaching of such certificate, upon application of the plaintiff in error, if the record discloses that such cause is within the exception provided in the statute.

3. Mortgagor Purchasing Tax Title—*pays the taxes.* A mort- gagor and owner of real estate in possession thereof, whose duty it is at the time to pay the taxes upon such property or to see that they are paid, cannot become a purchaser at a tax sale of such prop- erty, as against his mortgagee. An attempted purchase by the mortgagor under such circumstances is, in substance and in law, a payment of the tax, and discharges the property from the lien for such tax.

4. —————— *assignee of, not a bona fide purchaser.* Nor can such mortgagor assign a tax-sale certificate on his property to another, so as to make such other a *bona fide* purchaser entitled to claim the benefit of such sale thereunder as against such mort- gagee.

Error from Clay District Court. Hon. R. B. Spil- man, Judge. Opinion filed June 16, 1897. *Affirmed.*

*Rezin Iams,* for plaintiff in error. *Hy. W. Stackpole,* of counsel.

*F. L. Williams* and *Darlington & Sturges,* for de- fendant in error.

McLAUGHLIN v. DARLINGTON.          213

June 16, 1897.          Opinion.   Mahan, P. J.          C. Div.

MAHAN, P. J. Upon the call of this case for hearing upon its merits, the defendant in error presented a motion to dismiss for want of jurisdiction, because it does not affirmatively appear that the amount in controversy exceeds the sum or value of one hundred dollars, and the certificate of the trial court does not show that this is one of the excepted cases. It does appear, and it is admitted, that the case is, in fact, one within the exception of the statute. Upon an examination of the record, we are of the opinion that it does appear from the record, by reasonable intendment, that the property in controversy exceeds in value one hundred dollars.

But assuming that such a showing is not sufficient to confer jurisdiction, the plaintiff in error made application to produce, and produced before the final submission of the case, a certificate of the trial judge, showing that the case is one within the exception of the statute and supplementing the fact evidenced by the record itself, and asked that the court make it a part of the record by its order. He also produced affidavits to show that the value of the property was, in fact, the sum of five hundred dollars.

The valuation of the property is not seriously contradicted by the defendant in error. He stands upon the technical advantage of the failure of the trial court to make the certificate at the time the case was settled, and to make it, in fact, a part of the original case-made. This raises the question, Can we, and ought we, to receive evidence that the court has jurisdiction of the case, or that the case is within the court's jurisdiction, and ought we to permit an amendment to the record upon a question of jurisdiction?

We have said, and the Supreme Court has said, in

214  McLaughlin v. Darlington.

N. Dept.    Opinion.   Mahan, P. J.    6 Kan. App.

a number of instances, that the record must affirmatively show jurisdiction; and it is quite true· that, where the record discloses that the matter in controversy is less than one hundred dollars, the court must say it has no jurisdiction. And where the case is one not necessarily involving the question of amount or value in controversy, and no effort has been made to correct the record or supplement it by proof of a jurisdictional fact, cases have been dismissed therefor.

In the case of *Heaton v. Norton Co. State Bank* (5 Kan. App. 498, 47 Pac. Rep. 576), this court, speaking by Gilkeson, P. J., says that evidence is admissible to determine the jurisdiction of the court; and evidence was admitted, and the court retained jurisdiction upon the evidence so admitted and determined the case upon its merits. Chief Justice Horton, in *Jones v. Kellogg* (51 Kan. 263), says : '' Where a case has been brought to the Supreme Court upon a case-made and not upon a transcript, the rulings of the lower court or of the judge thereof complained of and assigned for error . must be shown by and embodied in the case-made itself, and they cannot be shown by any other or by extrinsic evidence ; but other matters or things to make the case reviewable may generally be shown by extrinsic evidence, or, in other words, by evidence outside of the case-made.'' Applying this rule to the case then under consideration, the court permitted the plaintiff in error to show that further orders had been made by the lower court which had the effect of giving the Supreme Court jurisdiction to hear and determine the case upon its merits.

1. Evidence aliunde record received.

The section of our Code, 542*a*, limiting the jurisdicion of this court and the Supreme Court, says :

'' No appeal or proceeding in error shall be had or

taken to the supreme court in any civil action unless the amount or value in controversy, exclusive of costs, shall exceed one hundred dollars, except in cases involving the tax or revenue laws, or the title to real estate, or an action for damages in which slander, libel, malicious prosecution or false imprisonment is declared upon, or the constitution of this state, or the constitution, laws or treaties of the United States, and when the judge of the district or superior court trying the case involving less than one hundred dollars shall certify to the supreme court that the case is one belonging to the excepted classes.''

The judge must certify to this court that the case is within the exception.   It would be a rigid rule and one in violation of the spirit of the second section of the Code, that would require the certificate to be embodied in and made a part of the case-made, which is intended for no purpose except to set out the matters in controversy in the case with such clearness as to enable the Supreme Court or this court to determine the questions at issue between parties.   It is not for the purpose of determining the jurisdiction of this court, except incidentally, where the matter of value or amount is an issuable fact in the case, or where it arises incidentally and in the course of the trial is determined by the court;   then it should be, and is, doubtless, conclusive upon us.

2. Trial judge's certificate after case-made is filed.

The Act of Congress of the United States (U. S. Rev. Stat. 1878, § 691) conferring jurisdiction upon the Supreme Court to review judgments, says: ''All final judgments of any circuit court, or of any district court acting as a circuit court, in civil actions brought there by original process, or removed there from courts of the several states, and all final judgments of any circuit court in civil actions removed there from any district court by appeal or writ of error, where the

matter in dispute, exclusive of costs, exceeds the sum or value of two thousand dollars, may be re-examined and reversed or affirmed in the Supreme Court upon a writ of error."

There follow exceptions to this rule, where the value or amount in controversy is immaterial; as, for instance, in actions touching patent-rights or copyrights, and all actions brought for the enforcement of the revenue laws, or an action against a revenue officer on account of any act done by him in the performance of his duty, or to recover from him money exacted as such officer and paid into the treasury, or respecting any right or privilege or immunity secured by the Constitution of the United States, or in a civil action on account of an injury to one's person or property done in furtherance of any conspiracy, under section 1980, U. S. Revised Statutes, 1878.

In some cases, being exceptions to the general rule, a certificate is required of the trial judge or judges; so, in fact, the provision is not materially different from that of our statute. It has been the rule of the Supreme Court of the United States, ever since the year 1800, to receive evidence as to the value of the property in controversy, in cases like the one under consideration. *Williamson v. Kincaid*, 4 Dall. 20; *Course et al. v. Sted et al.*, 4 id. 22; *United States v. Hughes*, 13 How. 552; *Hagan v. Foison*, 10 Pet. 160.

The Supreme Court of the United States again had the same question under consideration in *Red River Cattle Co. v. Needham* (137 U. S. 635), and announced this result:

" (1) Where the demand is not for money but the nature of the action requires the value of the thing demanded to be stated in the pleadings, affidavits will not be received here to vary the value as appearing upon the face of the record; (2) nor will the filing of

such affidavits be ordinarily permitted where evidence of value has been adduced below on both sides, and the proofs have been transmitted either with or without the announcement of a definite conclusion deduced therefrom; (3) but where the writ of error is brought or appeal taken without question as to the value, and the latter is nowhere disclosed by the record, affidavits may be received to establish the jurisdictional amount, and counter affidavits may be allowed if the existence of such value is denied in good faith."

This decision supports the rule laid down in the case of *Jones v. Kellogg*, supra, and also that in *Heaton v. Norton Co. State Bank*, supra, and is consonant with reason and in harmony with the spirit of the second section of our Code, which says: "The rule of common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. *Its provisions, and all proceedings under it, shall be liberally construed, with a view to promote its object, and assist the parties in obtaining justice.*"

This court ought not to be too critical or technical in any proceedings with a view to divest itself of its jurisdiction in any case, but in furtherance of or loyalty to this provision of the Code, maintain its jurisdiction for the purpose of doing justice to the parties who come before it.

The facts sought to be shown by the plaintiff in error for the purpose of enabling this court to retain its jurisdiction, ought to be permitted to be shown, and the cause heard upon its merits if, in fact, we have jurisdiction of the controversy. The motion to dismiss is denied.

Upon the merits of the case, the court made a general finding for the defendant, and upon his cross-petition rendered a judgment quieting his title against

218      McLaughlin v. Darlington.

N. Dept.            Opinion.   Mahan, P. J.            6 Kan. App.

the plaintiff in error, upon the defendant in error's paying the amount of the taxes represented by the tax deed and subsequent payments thereunder, with interest at twenty per cent. per annum, according to the statute. The finding of the court is a general one in favor of the defendant and against the plaintiff, and the only question left for consideration is, Is the finding of the court sustained by the evidence?

The evidence discloses the fact that the mortgagor, who was under obligation to pay the taxes for which this land was sold, was the purchaser at the tax sale. It has been settled by our Supreme Court that the title passes by this sale, subject to redemption under the provisions of the statute. The certificate is the evidence of the title in the purchaser at the sale. At the time the mortgagor purchased this property at the tax sale, he was under a contract with the defendant in error to pay these taxes, and he could not acquire a tax title against the mortgagee, and any effort upon his part to acquire tax title against him would be futile. And, being incapacitated from acquiring a tax title against his mortgagee, and having acquired none by the purchase or pretended purchase at the tax sale, he could not transfer one to his relative, Isaac Iams; and he having acquired no title from Rezin Iams that could not be defeated upon the application of the mortgagee, he likewise could convey none to the plaintiff in this case that would not be subject to be defeated upon the application of the mortgagee. It was in law a payment of the tax.

It is safe to say, at least, that the sale to Rezin Iams was voidable; that Isaac Iams could not become a purchaser from him for value without notice, and

*3. Mortgagor purchasing tax certificate pays the taxes.*

4. Assignee of such purchaser not bona fide.

could take no better title than Rezin acquired; nor could Isaac Iams so assign the certificate of tax sale to the plaintiff, as to defeat the right of the mortgagee to impeach it.

Therefore our answer must be that there was sufficient evidence to sustain the judgment of the court, and it will be affirmed.