THE BOARD OF COUNTY COMMISSIONERS OF CLOUD COUNTY v. THE CITIZENS NATIONAL BANK OF CONCORDIA *et al.*

### No. 289.

APPELLATE COURT PRACTICE—*a case-made cannot be amended or supplemented in Appellate Court.* A case-made for the Court of Appeals cannot be amended or supplemented in this court by inserting anything therein or attaching anything thereto which did not belong to the case-made and constitute a part thereof when it was originally settled and signed by the judge and attested by the clerk of the court below.

Error from Cloud District Court. Hon. F. W. Sturges, Judge. Opinion filed November 15, 1897. *Motion denied.*

*Theo. Laing* and *W. W. Caldwell*, for plaintiff in error.

*L. J. Crans* and *A. L. Wilmoth*, for defendants in error.

WELLS, J. This case is before the court upon a motion to correct the case-made. When the case-made was prepared, the instructions of the court had been mislaid and could not be found, and a statement to that effect was inserted in the record. We are now presented with a certificate of the judge that the instructions have been found ; a copy of them has been attached to said certificate, and we are asked to amend the case-made by striking out that part thereof in relation to their being lost and inserting the instructions as certified to have been given.

This raises the question as to the right of an appellate court to amend a case-made. In *Parker v. Sewing Machine Co.* (24 Kan. 31), it was held that a motion for a new trial could not be supplied by stipulation of counsel.

In *Giles v. Austin* (54 Kan. 616), it was held that where a motion for a new trial in another case had been accidentally inserted in the case-made in place of the one actually filed therein, it was fatal.

In *Snavely v. Buggy Co.* (36 Kan. 106), it was held that "a case-made for the Supreme Court cannot be amended or supplemented in the Supreme Court by inserting anything therein or attaching anything thereto which did not belong to the 'case-made' and constitute a part thereof when it was originally settled

332 CLOUD COUNTY v. BANK.

N. Dept.       Opinion.   Wells, J.       6 Kan. App.

and signed by the judge, and attested by the clerk of the court below.''

This last case is decisive of the question. Plaintiff in error says that the decisions of our Supreme Court upon this question have not been uniform or consistent. A careful consideration of all of the decisions will show the contrary. In *A. T. & S. F. Rld. Co. v. Whitbeck* (57 Kan. 729, 48 Pac. Rep. 18), the Supreme Court held that the seal of the trial court could be attached to the case-made even after one year.

In *Russell v. Anthony* ( 21 Kan. 450), it held that service of the case could be shown by outside evidence.

In *Wilson v. Janes* ( 29 Kan. 233 ), it was held that evidence could be heard to show the matters pertaining to the settling and signing of the case.

In *Heaton v. Norton County State Bank* ( 5 Kan. App. 498, 47 Pac. Rep. 576), this court held : '' When the record does not affirmatively show the amount or value of the subject-matter in controversy, evidence *aliunde* the record is admissible to establish the fact.''

In *Jones v. Kellogg* ( 51 Kan. 263 ), it was held : '' The rulings of the lower court or of the judge thereof complained of and assigned for error must be shown by and embodied in the case-made itself, and they cannot be shown by any other or by extrinsic evidence ; but other matters or things to make the case reviewable may generally be shown by extrinsic evidence,'' etc. Although in the last above cited cases the question was as to the service of the case within the time fixed by the court, and thus clearly within the authority of *Wilson v. Janes*, supra, yet Chief Justice Horton, in deciding it, on page 272, says :

'' While it has always been held by this court, where the case has been brought to this court upon a case-made and not upon a transcript, that the rulings of

CLOUD COUNTY v. BANK.          333

Nov. 15, 1897.        Opinion.    Wells, J.              C. Div.

the lower court or of the judge thereof complained of and assigned for error must be shown by and embodied in the case itself, and that they cannot be shown by any other or by extrinsic evidence, not even by the certificate of the judge himself, yet we have about as uniformly held that all other matters or things to make the case reviewable may be shown by extrinsic evidence, or, in other words, by evidence outside of the case-made. The decisions, however, of this court upon this subject have seldom been reported, for usually, in overruling a motion to dismiss a petition in error upon the ground that the case upon which it was founded had not been made and served within the proper time, or was otherwise irregular, the court has overruled the motion without delivering any written opinion upon the question.''

From a careful consideration of these cases, it will be seen that the decisions are harmonious and consistent in holding that the case-made as signed by the judge cannot be amended; but as to matters and things other than the rulings of the lower court or judge thereof, necessary to make the case reviewable, they may be generally shown by evidence *aliunde* the record.

The motion will be overruled.