OLSON, Respondent, vs. McDONALD, Sheriff, Appellant.

*February 24—March 17, 1914.*

*Tax titles: Who may acquire: Duty to pay taxes or redeem: Person taking possession after sale.*

1. One who owes a legal duty, contractual or otherwise, to pay the taxes on land or redeem it from a tax sale, cannot obtain a valid tax title based on such sale; and the taking of a tax deed by him amounts to a redemption.

2. The mere taking of possession of land, even under a claim of ownership, after the same is sold for delinquent taxes does not obligate the possessor to redeem from such sale or disqualify him from taking a deed on outstanding tax certificates.

APPEAL from a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

In May, 1906, C. H. Flynn and Phillip Guthmiller executed a bail bond as sureties in a criminal action then pending against one Lizzie Lebare. Flynn was then the owner of the southeast quarter of the northeast quarter of section 8, township 49 north, of range 4 west, in Bayfield county. Lizzie Lebare failed to appear when her case was called for trial and an action was prosecuted against her and her sureties on the bail bond and judgment was rendered therein and docketed May 26, 1908, the amount of the judgment being $576.96. On July 8, 1908, Flynn deeded the parcel of land above described to the Washburn Brewing Association, a corporation in which he was interested. On June 30, 1908, a judgment of divorce was entered in an action between Flynn and his wife, and an amended judgment was entered in such action bearing the same date but recorded May 7, 1909. The judgments in the divorce action awarded to Mrs. Flynn all of the stock of the husband in the Brewing Association, as well as the title to all lands in Bayfield county owned by the husband but standing in the name of the Brewing Association, the above described parcel of land being particularly mentioned in the judgment as one of such parcels. The 1905 taxes were not paid on the land and were returned delinquent and the land was sold in 1906 to E. A. Walsh, who assigned the certificate of sale to the Bayfield County Land Company. On June 1, 1909, Mrs. Flynn quitclaimed her interest in the land in question to the plaintiff, who it is claimed was then in possession of it. The evidence showed that plaintiff was not living on the land on June 1, 1909, but that on that date he was and for some time prior thereto had been in possession cultivating the crops. On or about June 1, 1909, the Bayfield County Land Company served notice on the plaintiff and on Mrs. Flynn and the Brewing Association of the taking of a tax deed. Thereupon plaintiff advised the owner of the tax

certificate that he desired to purchase it and that he would redeem in case of refusal to sell. It was thereupon agreed that the holder of the certificate should take a tax deed thereon and thereafter convey its interest to the plaintiff. This arrangement was carried out and the land was tax-deeded to the Bayfield County Land Company on September 4, 1909, and the deed was recorded on the same day. Thereafter the tax-deed grantee conveyed to the plaintiff. In October, 1909, the plaintiff married Mrs. Flynn. On July 11, 1911, an execution was issued on the judgment recovered in the case of State v. Flynn and others and for the full amount of the judgment, and the parcel of land before described was levied upon. It appeared that before execution was issued $100 had been paid on the judgment to the district attorney, but had not been credited thereon, nor was the payment shown on the execution. This action was brought against the sheriff to restrain the sale of the land in question on the execution and to prevent a threatened cloud being placed thereon. The court held that the tax deed cut off the lien of the plaintiff's judgment on the parcel of land levied upon. Judgment was entered according to the prayer of the complaint. Defendant appeals.

For the appellant the cause was submitted on the brief of *C. F. Morris.* He cited 23 Am. & Eng. Ency. of Law (2d ed.) 101; *Swift v. Agnes,* 33 Wis. 228; *Paul v. Fries,* 18 Fla. 573; *McLaughlin v. Green,* 48 Miss. 175; *Smith v. Lewis,* 20 Wis. 350; *Link v. Doerfer,* 42 Wis. 391; 37 Cyc. 1351; *Lacy v. Johnson,* 58 Wis. 414, 17 N. W. 246; *Bassett v. Welch,* 22 Wis. 175; *Jones v. Davis,* 24 Wis. 229; *Whitney v. Gunderson,* 31 Wis. 359; *Avery v. Judd,* 21 Wis. 262; *Edgerton v. Schneider,* 26 Wis. 385; *Perkins v. Wilkinson,* 86 Wis. 538, 57 N. W. 371; *Quinn v. Quinn,* 27 Wis. 168; *Hopkins v. Gilman,* 47 Wis. 581, 3 N. W. 382.

*A. W. McLeod,* for the respondent.

BARNES, J. The appellant contends that plaintiff could not take a valid tax deed, inasmuch as it was his duty to redeem the taxes on account of which the tax deed was issued, (1) because of his possession, and (2) because of his ownership of the land.

1. There is no evidence that plaintiff was in possession of the premises after the notice of June 1, 1909, was served upon him, although the inference is strong that he was. The evidence does not show whether his possession at that time was that of employee, contractor, lessee, licensee, or trespasser. On this state of the evidence it did not appear that there was any duty on plaintiff's part to redeem the outstanding taxes because of his possession. *Link v. Doerfer*, 42 Wis. 391. There is no suggestion that plaintiff was in possession when the tax was levied or that he claimed any interest in the land for more than three years thereafter, or that the tax was assessed against him. The cases relied on by appellant do not hold that the mere taking of possession of land even under a claim of ownership after the same is sold for delinquent taxes obligates the possessor to redeem such taxes and disqualifies him from taking a tax deed on outstanding tax certificates. Other considerations may impose the duty to redeem, but possession alone does not.

2. Plaintiff did not become the owner of the land until June 1, 1909. There is no claim that the tax was assessed against him. He was under no duty to pay this 1905 tax when it became due and payable. He owed nothing to the judgment creditor and was under no obligation to pay the judgment. We fail to see wherein he owed any duty to such creditor to remove outstanding tax liens from the land for its benefit. If the plaintiff owed a legal duty, contractual or otherwise, to redeem the tax he could not take a valid tax deed, and the taking of such a deed would amount to a redemption. This matter of legal duty is the correct test to apply in such

cases.  *Bassett v. Welch,* 22 Wis. 175, 177; *Lybrand v. Haney,* 31 Wis. 230.  No other attack is made on the validity of the tax deed.

*By the Court.*—Judgment affirmed.