BALDWIN and others, Trustees, Appellants, vs. BARBER and others, Respondents.

*December 6, 1916—January 16, 1917.*

*Tax titles: Validity: When grantor of land bound to pay taxes.*

1. One cannot acquire a valid tax title founded upon a sale for taxes which it was his duty, either legally or equitably, to pay, and enforce it as against any person who would be prejudiced by his neglect.
2. Under sec. 1153, Stats. 1898, where land was conveyed (in this case by quitclaim deed) after the date of the tax warrant, it was the duty of the grantor to pay the taxes assessed before the conveyance, if there was no express agreement to the contrary.

APPEAL from a judgment of the municipal court of Langlade county: T. W. HOGAN, Judge. *Affirmed.*

Action to quiet title. Validity of tax deed. The material facts are as follows: On January 3, 1900, *George Baldwin,* being the owner of certain lands, conveyed the same to the predecessors in title of the defendants by long-form quitclaim deed, which recited that in consideration of $25 "the parties of the first part have given, granted, bargained, sold, remised, released and quitclaimed, and by these presents do grant, bargain, sell, remise, release and quitclaim unto the party of the second part, his heirs and assigns forever, the following described real estate in the county of Langlade, state of Wisconsin, to wit," with the usual "to have and to hold" clause. The deed contained no covenant or agreement as to who should pay the taxes assessed against the property for the year 1899. The taxes were returned unpaid, and at the tax sale held on the 15th day of May succeeding, *Baldwin* purchased the premises at the tax sale. A tax certificate was issued to him for this land and other lands, and in due time a tax deed was issued to *Baldwin* dated May 21, 1903. Plaintiffs in this action claim under the tax deed. Defendants claim under the quitclaim deed given January 3, 1900.

For the appellants there was a brief by *Ryan, Cary & Frank,* and oral argument by *Paul V. Cary.*

*Wilbur E. Hurlbut,* for the respondents.

ROSENBERRY, J.　The sole question is, Could *Baldwin* take a valid tax deed based upon the taxes assessed in 1899 upon the premises in question? The taxes for the year 1899 were assessed against *Baldwin,* and in addition to that fact sec. 1153, Stats. 1898, then provided:

"As between the grantor and grantee of any land, when there is no express agreement as to which shall pay the taxes that may be assessed thereon before the conveyance, if such land is conveyed even with or prior to the date of the warrant authorizing the collection of such taxes then the grantee shall pay the same; but if conveyed after that date then the grantor shall pay them."

It appeared ·without dispute that the tax warrant was placed in the hands of the treasurer for collection on December 30, 1899. It is the established law of this state that no one can acquire a valid tax title founded upon a sale for taxes which it was his duty, either legally or equitably, to pay, and enforce it as against any person who would be prejudiced by his neglect. *Olson v. McDonald,* 156 Wis. 438, 145 N. W. 1078; *Mariner v. Milwaukee,* 146 Wis. 605, 131 N. W. 442; *Perkins v. Wilkinson,* 86 Wis. 538, 57 N. W. 371; *Bassett v. Welch,* 22 Wis. 175.

We think the duty of paying this tax was legally imposed upon *Baldwin* (1) by the assessment against him of the amount of the tax, and (2) by the terms of sec. 1153, Stats. 1898, which became part of the contract or deed between the parties, dated January 3, 1900. The very purpose and object of assessing and levying taxes is to impose a legal duty upon the person against whom they are assessed and levied to pay them. The law of the land is a part of every contract. Sec. 1153, Stats. 1898, became a part of the contract between

the parties, and by its terms it imposed upon *Baldwin* the legal duty, as between the grantor and the grantee, of paying these taxes. The statute says, "as between the grantor and grantee of any land" the grantor shall pay the tax when the conveyance is made after the date of the tax warrant. Certainly there can be no claim in this case that *Baldwin* was not the grantor and that the predecessors in title of the defendants were not the grantees, and by the terms of the statute it was the duty of the grantor to pay the taxes in question. The purchase of the tax certificate therefore amounted to nothing more than a payment of the tax, and the deed issued upon it was void.

*By the Court.*—Judgment affirmed.