SEITZ v. LARGENT et ux.

No. 31042. Sept. 14, 1943.

Rehearing Denied Feb. 13, 1945.

*155 P. 2d 724.*

E. C. Hopper, of Eufaula, for plaintiff in error.

Britton H. Tabor, of Checotah, for defendants in error.

WELCH, J. This action was brought by Seitz, plaintiff, against defendants, L. L. Largent and wife, to recover specific real estate and to cancel resale tax deed.

Both plaintiff and the defendant Largent claim ownership of the land, the latter being in possession.

Upon jury waiver the cause was tried to the court. There was a general finding and some special findings for defendant, and judgment for defendant.

The plaintiff prosecutes this appeal and seeks reversal upon two propositions, urging first that an owner of land subject to a mortgage which is being foreclosed cannot acquire a tax title to such land as against the mortgagee or purchaser at the foreclosure sale, and, second, that the evidence is wholly insufficient to prove the agency alleged by defendant.

The facts, in so far as we deem them material to the determination of this appeal, and as found by the trial court, are as follows:

In 1931 defendant Largent became the owner of the land subject to a mortgage executed by a former owner, which mortgage Largent, however, did not assume or agree to pay. Plaintiff Seitz became the owner by assignment of the mortgage. In June, 1936, plaintiff Seitz brought suit to foreclose the mortgage. Defendants in that foreclosure action were the Largents, husband and wife, various former owners of the land, and the unknown heirs, executors, administrators, devisees, trustees, assigns, and successors of persons who had been former owners or claimants to the land. Summons in the foreclosure action was served upon the Largents in July, 1936, and they made default which continued throughout that action. In January, 1937, the Largents conveyed the land to the plaintiff, Seitz, or to her agent for her, by quitclaim deed, the defendants Largent thereby relinquishing to plaintiff any claim of title, and the plaintiff thereby acquired ownership and through her agent rented the land and collected rent therefrom for the next three years. In the trial there was contest on these questions of agency, which were asserted by the defendant and denied by plaintiff in their pleadings. The trial court specifically found those issues of

agency in favor of defendant. In January, 1940, in the mortgage foreclosure action a default judgment was taken against the defendants in that action. In May, 1940, the real estate was sold by the county treasurer at tax resale which is the foundation of the present title claimed by defendants. In December, 1940, at sheriff's sale, pursuant to judgment for mortgage foreclosure, the plaintiff was the purchaser.

The plaintiff on appeal represents that the defendant Largent was the owner of the land in 1940, and therefore could not acquire the tax title as against the mortgagee or the purchaser at the foreclosure sale. Authorities are cited to support that contention of law. But the contention is set at naught by the facts, which were, as found by the trial court, in effect that plaintiff became the owner of the land in January, 1937; that is, that plaintiff at that time obtained a deed from the defendant Largent and at least became the owner then of all of the interest theretofore owned by Largent. We therefore do not discuss the authorities cited by plaintiff on this point.

It is to be noted that after 1937 plaintiff's mortgage foreclosure action continued to pend and was prosecuted to final default judgment in January, 1940. It is not discernible what purpose that was to serve unless it was to obtain whatever benefits could be anticipated from the judgment foreclosing and barring former owners, and heirs or successors of former owners or claimants.

As second ground for reversal plaintiff urges that the evidence was wholly insufficient to prove agency. In the trial it was the contention of the defendants that plaintiff's agent obtained for plaintiff the quitclaim deed from the Largents, and that plaintiff through her agent rented the land and collected rent thereon as the owner for the years 1937, 1938, and 1939. The plaintiff in her pleading specifically denied the existence of this agency. There was evidence upon the point and it was stipulated that the plaintiff received the rent payments from the agent. Neither the

plaintiff, Seitz, nor the questioned agent testified in denial of the agency. The facts shown by the testimony and circumstances tend strongly to indicate the existence of the agency. We cannot say that there is no evidence of agency or that the evidence is insufficient to sustain the conclusion of the trial court on that point.

The plaintiff cites decisions of this court following the rule that defendant in this case had the burden of proving the alleged agency, and we are mindful of that rule. Here, however, the defendant proved the transactions with the purported agent, including proof that the plaintiff received the rent collected by her purported agent. The whole record is consistent with the existence of the agency, and with the fact as accepted or determined by the trial court that the plaintiff, through her said agent, obtained the deed from the Largents in 1937.

It is a settled rule that on appeal the burden is on plaintiff in error to establish grounds for reversal. This the plaintiff in error had not done. Neither of the two propositions can be sustained for the reason above stated.

The defendant in his brief tenders a question or issue of law as to whether a tenant of land may acquire title at tax resale as against his landlord, insisting that such tax title may be acquired. That is not involved in either of the points on which plaintiff seeks reversal, therefore, the point is not briefed by plaintiff, and since the point is not presented or directly involved in this appeal, it is not necessary for us to pass on it, and we do not determine it.

The judgment appealed from is affirmed.

GIBSON, C.J., and RILEY, OSBORN, DAVISON, and ARNOLD, JJ., concur. HURST, V.C.J., and BAYLESS and CORN, JJ., dissent.

---

HURST, V.C.J. (dissenting on rehearing). I dissent. The real question is whether Largent could acquire a tax title based in part on the taxes that were assessed against the land during the years 1932 to 1936, inclusive, while he was in possession as owner, and defeat the claim of Mrs. Seitz. Ordinarily one who owes a legal or moral duty to pay taxes on land cannot acquire a tax title on the land based upon a sale for *such taxes*. Brooks v. Garner, 20 Okla. 236, 94 P. 694; Curry v. Frerichs, 194 Okla. 230, 149 P. 2d 95; 51 Am. Jur. 919. Largent owed a legal duty to the state to pay the taxes for the five years he was such owner. 68 O.S. 1941 § 351. As grantee of the mortgagor, he owed a moral or equitable duty to Mrs. Seitz, holder of the mortgage, to pay the taxes for those years. 134 A.L.R. 303, 306, note. Assuming that he could, by contract with Mrs. Seitz, absolve himself from such duty to her (Shoup v. Central R.R. Co., 24 Kan. 547), the record does not show that he did so. There is testimony that in 1937 he conveyed the land to Mrs. Seitz or some one for her, but the deed was not introduced in evidence and there is no evidence as to its terms or that Mrs. Seitz or her agent assumed payment of the taxes for those years. The fact that Largent conveyed the land to Mrs. Seitz or her agent, standing alone, did not, in my opinion, relieve him of the duty to pay the taxes for those years so as to enable him to acquire a tax title based in part on the taxes he was under duty to pay and defeat the lien or title of Mrs. Seitz. Blackwell, Tax Titles (5th Ed.) § 566; Baldwin v. Barber, 164 Wis. 622, 160 N.W. 1052.

Mr. Justice BAYLESS concurs in these views.