FILED

Apr 15 2016, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Robert R. Faulkner
Evansville, Indiana

ATTORNEY FOR APPELLEE
VANDERBURGH COUNTY
TREASURER

Jean M. Blanton
Ziemer, Stayman, Weitzel &
Shoulders
Evansville, Indiana

ATTORNEYS FOR APPELLEE
TOWNSQUARE MEDIA, LLC

Marc E. Kasowitz
Michael C. Harwood
Kevin A. Cyrulnik
Kasowitz, Benson, Torres & Friedman
LLP
New York, New York

Andrew C. Ozete
Bamberger, Foreman, Oswald &
Hahn, LLP
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Paul Angel,

*Appellant*,

v.

April 15, 2016

Court of Appeals Case No.
82A04-1511-MI-1902

Appeal from the Vanderburgh
Superior Court

**Brown, Judge.**

Paul Angel appeals the trial court's order denying his Motion to Establish Redemption Amount. Angel raises two issues which we consolidate and restate as whether the court's order is clearly erroneous. We reverse and remand.

*Facts and Procedural History*

Townsquare Media, LLC ("Townsquare") owns a certain parcel of real property in Vanderburgh County, Indiana. On September 10, 2012, Angel purchased the property at a tax sale for $5,500.[1] On October 8, 2013, he filed a verified petition for tax deed, and the trial court granted the petition that day. A tax deed was issued by the Vanderburgh County Auditor on October 22, 2013, and recorded December 4, 2013, with the Vanderburgh County Recorder.

On October 7, 2014, Townsquare Media, LLC ("Townsquare") filed a Motion for Relief from Order for Issuance of Tax Deed pursuant to Ind. Trial Rule 60(B) together with a brief and affidavit in support of the motion. In its brief, Townsquare stated that it operated a radio transmission business, that it leased

---

[1] The tax sale certificate issued the day of the tax sale indicates that the minimum bid was $2,590.62 and that the purchase money was $5,500.

three parcels of land from Angel's mother and father pursuant to a ground lease,[2] and that due to a clerical error in the county assessor's office the tax notice on one building of its leased property was sent to the address of its predecessor in interest and thus it had not paid certain taxes, resulting in the tax sale.[3] Townsquare argued that Angel sent notice of the tax sale under Ind. Code § 6-1.1-25-4.5 to the address of Townsquare's predecessor in interest, that the notice was returned undeliverable, and that Angel never sent notice of his petition as mandated under Ind. Code § 6-1.1-25-4.6.[4] In an affidavit dated October 7, 2014, attached to Townsquare's brief, its counsel stated that Angel called Townsquare on or about June 25, 2014, and that this was the first time Townsquare received any information indicating that the building had been sold at a tax sale.

---

[2] Townsquare stated that, under the ground lease, Angel's parents as the landlords were responsible for the real estate taxes. It also stated that Vanderburgh County's tax assessment was split into three assessments, namely, the land tax, the building tax, and the personal property tax, and that, throughout the course of its ownership of the building and ground lease, Townsquare's predecessor in interest had timely paid the building tax and the personal property tax, and the Vanderburgh County Treasurer had sent the tax invoices for the building tax and the personal property tax to the address of Townsquare's predecessor in interest.

[3] Townsquare stated that it acquired the ground lease and building in May 2010, that its representative requested the Vanderburgh County Treasurer to change the address of record for the building tax and the personal property tax, that unbeknownst to it the Treasurer had corrected the address on only the personal property tax assessment, and the Treasurer sent semi-annual notices of the building tax to the address of Townsquare's predecessor in interest and not to Townsquare's corrected address.

[4] Ind. Code § 6-1.1-25-4.5 provides that a purchaser is entitled to a tax deed only if the purchaser gives notice of the sale to the owner of record at the time of the sale and any person with a substantial property interest of public record in the real property. Ind. Code § 6-1.1-25-4.6 provides that a purchaser shall file a petition with the trial court requesting the court to direct the county auditor to issue a tax deed if the property was not redeemed from the sale and that notice of the filing of the petition shall be given to the same parties as provided in Ind. Code § 6-1.1-25-4.5.

[4]　In his response to Townsquare's motion for relief, Angel argued that a prudent business would have placed a forwarding order with the postal service, that either Townsquare received one or more forwarded tax bills and ignored the fact they were being sent to the wrong address or never placed a forwarding order, and that Townsquare's failure to record an affidavit, assignment, or other document showing the change in name and address from its predecessor in interest is why it did not receive notice. In a reply, Townsquare argued in part that Angel did not contest the fact that he wholly failed to send it notice of the petition for a tax deed under Ind. Code § 6-1.1-25-4.6.

[5]　On April 22, 2015, the court held a hearing on Townsquare's motion for relief,[5] and the parties later submitted post-hearing briefs. On June 10, 2015, the court entered an Order Granting Townsquare's Motion for Relief from Order for Issuance of Tax Deed. The order granted Townsquare's motion for relief, reversed the October 8, 2013 order for issuance of the tax deed, and ordered that "the tax deed conveying the Real Estate . . . to Paul Angel shall be rescinded." Appellant's Appendix at 201.

[6]　On September 17, 2015, Angel filed a "Motion to Establish Redemption Amount" arguing in part that "[i]n setting aside the Tax Title Deed the Court's order provided Townsquare the opportunity to redeem the subject property from Tax Sale [;] thus the court should establish the appropriate amount

---

[5] The record does not include a copy of the hearing transcript.

necessary for said redemption." *Id.* at 204. He further alleged that Vanderburgh County received a tax sale surplus which should be refunded to him.

[7] On October 2, 2015, Townsquare filed an objection to Angel's motion arguing in part that the court's June 10, 2015 order was a final judgment and that Angel's ability to seek relief had terminated, that it did not redeem the property, and that the court's order rescinded the tax deed. On October 5, 2015, the Vanderburgh County Treasurer (the "Treasurer") and Vanderburgh County Auditor (the "Auditor") filed an objection to Angel's motion arguing in part that the tax sale occurred on September 10, 2012, that Ind. Code § 6-1.1-24-7 prohibited the disbursement of any portion of the tax sale purchase price if not claimed within the three-year period after the date of the payment of the tax sale purchase price, and that Angel did not timely submit a request for the issuance of the surplus.[6]

[8] On October 6, 2015, the court denied Angel's September 17, 2015 motion. On October 12, 2015, Angel filed a reply to the objections, stating that the court had ruled before he filed his reply in violation of court rules,[7] and arguing that

---

[6] Ind. Code § 6-1.1-24-7 provides in part that a tax sale purchaser, upon redemption of a tract of real property, may file a claim for money which is deposited in the tax sale surplus fund, and that a court may direct the issuance of a warrant only within three years after the date of sale of the parcel in the tax sale. *See* Ind. Code § 6-1.1-24-7(c), (d), and (e). Subsections (c) through (e) of this statute in effect prior to the amendment to the statute effective July 1, 2015, are identical to the current version. *See* Ind. Code § 6-1.1-24-7 (Supp. 2012) (subsequently amended by Pub. L. No. 251-2015, § 16 (eff. July 1, 2015)).

[7] Angel cited to Vanderburgh Circuit and Superior Court local rule 82-TR12-1.16(A)(1), which provides in part that a moving party shall have seven days after service of a response to file a reply, and Ind. Trial Rule 6(E), which provides in part that, when a party is required to take some action within a prescribed period

Townsquare had "not paid a nickel in taxes on the subject parcel in more than four (4) years," that "[t]hose taxes have been paid in the amount of several thousand dollars by [him]," that "[t]here is a lot more involved in unwinding a tax sale than simply vacating the tax deed so the court's order failed to dispose of all issues inherent in unwinding of a tax sale," and that, even if no redemption has occurred, he is "still entitled to a refund pursuant to I.C. 6-1.1-25-12 then in effect which, in effect, provides for a refund similar to what would be refunded through a redemption where a tax deed is set aside."[8] *Id.* at 215-216.  Angel also argued that Ind. Code § 6-1.1-24-7(d) applies only where property has been redeemed and that "I.C. 6-1.1-25-12 then in effect which applies where a tax deed is set aside contains no such forfeiture provision." *Id.* at 217.  He also contended that, "[w]hile the court's order is silent as to whether the actual tax sale was invalid, to the extent it may be construed that way then, in the alternative, [he] also has a claim to refund under I.C. § 6-1.1-25-11 which would also have vested at that time." *Id.*  This appeal is from the court's October 6, 2015 order.

---

after the service of a notice or other paper and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

[8] At the time the court ordered the tax deed rescinded, Ind. Code § 6-1.1-25-12 provided, as set forth below, that if certain conditions exist, the grantee of a deed under Ind. Code §§ 6-1.1-25 which is ineffectual to convey title, acquires a lien on the real property and may recover from the owner of the real property.  Ind. Code § 6-1.1-25-12 (Supp. 2001) (repealed by Pub. L. No. 251-2015, § 28 (eff. Jul. 1, 2015)).

*Discussion*

[9] The issue is whether the October 6, 2015 order denying Angel's request for a refund is clearly erroneous. A general judgment standard applies to issues upon which the trial court made no findings. *Zukerman v. Montgomery*, 945 N.E.2d 813, 818 (Ind. Ct. App. 2011). A general judgment may be affirmed based on any legal theory supported by the evidence. *Rea v. Shrover*, 797 N.E.2d 1178, 1181 (Ind. Ct. App. 2003).

[10] Angel's position is that Ind. Code § 6-1.1-25-12, in effect at the time the trial court entered its order setting aside the tax deed, provided that he was entitled to recover the amounts set forth in the statute, and that if the 2015 amendments are applicable, he would be entitled to a refund under Ind. Code § 6-1.1-25-11 as amended July 1, 2015. He posits that if he is not reimbursed, Townsquare will reap an inequitable windfall.

[11] Townsquare and the Treasurer (together, the "Appellees") assert that Angel waived any right to recovery in part for failing to seek a refund during the Trial Rule 60 proceedings, and for failing to raise Ind. Code § 6-1.1-25-12 below. Townsquare states that Angel was never a grantee of a deed under Ind. Code §§ 6-1.1-25, and the Treasurer notes that Angel filed his motion on September 17, 2015, which was in excess of the three-year period under Ind. Code § 6-1.1-24-7 in which he could have sought a refund of the purchase price or the surplus. In his reply brief, Angel argues that his claim for a refund was not ripe until June 10, 2015, when the tax deed was set aside.

[12] To the extent that the parties' arguments require us to interpret provisions of Ind. Code §§ 6-1.1-25 or other statutory provisions, we note that the first step in statutory interpretation is to determine whether the legislature has spoken clearly and unambiguously on the point in question. *McCarty v. Sanders*, 805 N.E.2d 894, 898 (Ind. Ct. App. 2004), *trans. denied*. When a statute is clear and unambiguous, courts need not, and indeed shall not, apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. *Id.*

[13] At the time of the trial court's order that the tax deed to Angel be rescinded, Ind. Code § 6-1.1-25-12, titled "Amount of liens acquired by grantee of deed executed under 6-1.1-25-4," provided:

(a) If the conditions prescribed in subsection (b) of this section exist, the grantee of a deed executed under this chapter, or the grantee's successors or assigns, acquires a lien on the real property in an amount equal to the sum of:

(1) the price paid at the tax sale for the real property;

(2) the taxes and special assessments paid by the grantee, or the grantee's successors or assigns, subsequent to the sale; and

(3) any amount due the grantee, or the grantee's successors or assigns, as an occupying claimant.

(b) The grantee, or the grantee's successors or assigns, shall acquire a lien under this section only if:

(1) the tax deed is ineffectual to convey title;

(2) the taxes or special assessments for which the real property was sold were properly charged to that property and were unpaid at the time of sale; and

> (3)    the real property has not been redeemed.
>
> (c)    The grantee, or the grantee's successors or assigns, may recover from the owner of the real property, the owner of a life estate in the real property, or any other person primarily liable for the payment of the taxes and special assessments upon the real property an amount equal to the sum of:
>
> > (1)    the amount of the lien prescribed in this section;
> >
> > (2)    interest at the rate of ten percent (10%) per annum on the amount of the lien; and
> >
> > (3)    all other lawful charges.

Ind. Code § 6-1.1-25-12 (Supp. 2001) (subsequently repealed by Pub. L. No. 251-2015, § 28 (eff. Jul. 1, 2015)).[9]

[14]    In addition, at the time the tax deed was rescinded, Ind. Code § 6-1.1-25-13, titled "Payment of lienholder; execution of release deed; action to quiet title," provided:

> (a)    When the grantee of an ineffectual tax deed, or the grantee's successors or assigns, receives payment for the amount which the grantee is entitled to receive under section 12(c) of this chapter, the grantee shall execute, acknowledge, and deliver a deed releasing the lien on the real property which the grantee has acquired under section 12(a) of this chapter. The grantee shall execute and deliver the deed to the person who makes the payment.

---

[9] Ind. Code § 1-1-5-1 provides in part that "the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing statute shall so expressly provide" and that "such statute shall be treated as still remaining in force for the purposes of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

(b)     If the grantee, or the grantee's successors or assigns, fails to execute, acknowledge, or deliver a deed as required by this section, the person who makes the payment may initiate an action to quiet title to the real property. When the payor initiates such an action, the grantee, or the grantee's successors or assigns, is liable for the court cost and the payor's reasonable attorney fees which result from the action.

Ind. Code § 6-1.1-25-13 (Supp. 2001) (repealed by Pub. L. No. 251-2015, § 29 (eff. Jul. 1, 2015)).[10]

[15]     We observe that Angel was a grantee of a deed executed under Ind. Code §§ 6-1.1-25. Ind. Code § 6-1.1-25-4.6 provides in part that, not later than sixty-one days after a petition for a tax deed is filed, the trial court shall enter an order directing the county auditor to issue to the petitioner a tax deed if it finds that certain conditions exist, including that the notices required by Ind. Code §§ 6-

---

[10] Further, prior to July 1, 2015, Ind. Code § 6-1.1-25-11 provided in part that, subsequent to the issuance of an order directing the county auditor to issue a tax deed, a county auditor shall refund "the purchase money" plus interest from the county treasury to the purchaser if one of three circumstances were found by the court to exist: that the real property described was not subject to the taxes for which it was sold, that the delinquent taxes or special assessments for which the real property was sold were properly paid before the sale, or that the legal description of the real property in the tax deed is void for uncertainty. Ind. Code § 6-1.1-25-11(a) (eff. July 1, 2014) (subsequently amended by Pub. L. No. 251-2015, § 27 (eff. July 1, 2015)). Effective July 1, 2015, the statute was amended to provide that, subsequent to the issuance of an order directing the county auditor to issue a tax deed, a county auditor shall refund "the purchase money and all taxes and special assessments on the property paid by the purchaser" plus interest and other possible costs from the county treasury to the purchaser "if it is found by the court that entered the order for the tax deed that the sale was invalid." Ind. Code § 6-1.1-25-11(a) (eff. July 1, 2015). The statute also provides, and provided prior to its amendment, that the grantee of an invalid tax deed to whom a refund is made under the section shall execute, acknowledge, and deliver to the owner a deed conveying whatever interest the purchaser may have acquired by the tax sale deed. Ind. Code § 6-1.1-25-11(b). Angel argues he is entitled to recover the amounts set forth under Ind. Code §§ 6-1.1-25-12 and -13 (Supp. 2001), and that, alternatively, in the event statutes in effect following the 2015 amendments are applicable, then he is entitled to a refund under Ind. Code § 6-1.1-25-11 (Supp. 2015). The Appellees do not argue that Ind. Code § 6-1.1-25-11 (Supp. 2015), rather than Ind. Code §§ 6-1.1-25-12 and -13 (Supp. 2001), is applicable.

1.1-25-4.5 and -4.6 have been given. In his petition for issuance of a tax deed filed on October 8, 2013, Angel requested the court to enter an order pursuant to Ind. Code § 6-1.1-25-4.6 directing the Auditor to issue a tax deed conveying the property to him. Moreover, the trial court's order directing the issuance of the tax deed stated that Angel was entitled to a tax deed as provided in Ind. Code § 6-1.1-25-4.6.

[16] Having determined Angel was the grantee of the deed executed by the Auditor under Ind. Code §§ 6-1.1-25, we turn to whether the conditions prescribed in Ind. Code § 6-1.1-25-12(b) existed. The parties do not dispute that the taxes or assessments for which the property was sold were properly charged to the property and were unpaid at the time of sale, and the record reveals that the property was not redeemed. Further, in its June 10, 2015 order, the court ordered that the tax deed issued by the Auditor be rescinded, and thus the deed was determined by the court to be ineffectual to convey title to Angel, a point which Townsquare does not contest. As the conditions prescribed in subsection (b) existed, Angel as the grantee of the tax deed acquired a lien on the property in an amount which includes the price he paid at the tax sale for the property, and the taxes and special assessments paid by him subsequent to the sale. *See* Ind. Code § 6-1.1-25-12(a) (Supp. 2001). Additionally, Angel may recover from the owner of the real property, or any other person primarily liable for the payment of the taxes and special assessments upon the property, an amount which includes the amount of the lien, together with interest, as set forth under Ind. Code § 6-1.1-25-12(c) in effect at the time.

[17]     Based upon the record, we conclude that Angel is entitled to recover from Townsquare under Ind. Code § 6-1.1-25-12, as it existed at the time the trial court ordered rescission of the tax deed. We thus reverse and remand for a determination of the amount Angel is entitled to recover and for an order directing the parties to comply with their respective obligations under Ind. Code §§ 6-1.1-25-12 and -13 as they existed at the time the tax deed was ordered rescinded.[11] *See Scott v. Millikan*, 104 Ind. 75, 3 N.E. 647, 649 (1885) (noting a previous version of the statute provided that, if any conveyance made by a county auditor pursuant to a sale made for the nonpayment of taxes is ineffectual to convey title, the lien which the state may have on the lands sold shall remain in full force and shall be transferred to the grantee, who shall be entitled to enforce it, and all subsequent taxes paid by him, against the land, and observing that the purpose of the statute was to facilitate the collection of

---

[11] To the extent the Treasurer claims that Ind. Code § 6-1.1-24-7 provides a three-year period to claim tax sale surplus funds, we note that Ind. Code § 6-1.1-24-7 provides in part that a tax sale purchaser, upon redemption of a tract of real property, may file a claim for money which is deposited in the tax sale surplus fund. The property in this case was not redeemed, and the provisions related to a claim under Ind. Code § 6-1.1-24-7 are inapplicable.

Further, with respect to the assertion that Angel waived any right to recovery, as noted, a grantee of a tax deed which was ineffectual to convey title was statutorily entitled to recovery as set forth under Ind. Code § 6-1.1-25-12 (Supp. 2001) (subsequently repealed). The Appellees do not point to relevant authority for the proposition that a grantee of a deed executed under Ind. Code §§ 6-1.1-25 which was ineffectual to convey title waives or forfeits the grantee's statutory right to recovery under Ind. Code § 6-1.1-25-12 by not requesting a refund prior to or contemporaneous with the determination that the tax deed was ineffectual. Ind. Code § 6-1.1-25-12(b) expressly prescribed the conditions upon which a grantee of a tax deed acquired a lien, and that subsection did not contain any requirement that, in order to acquire a lien, the grantee must assert the lien or otherwise request recovery prior to a ruling on a motion to set aside the tax deed rendering the deed ineffectual. Also, while Angel did not cite Ind. Code § 6-1.1-25-12 in his September 17, 2015 motion, this does not alter the fact that he acquired a lien and was entitled to recovery as set forth in the statute.

taxes by inflicting penalties upon the delinquent owner and holding out a reward to the purchaser).

## Conclusion

For the foregoing reasons, we reverse the order of the trial court and remand for proceedings consistent with this opinion.

Reversed and remanded.

Baker, J., and May, J., concur.